J-A22038-21

2023 PA Super 30

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN MICHAEL PERZEL | : | |
| | : | |
| Appellee | : | No. 182 MDA 2021 |

Appeal from the Order Entered December 31, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002589-2010

BEFORE: BOWES, J., OLSON, J., and KING, J.

OPINION BY KING, J.:                         **FILED: FEBRUARY 28, 2023**

Appellant, the Commonwealth of Pennsylvania, appeals from the restitution order entered in the Dauphin County Court of Common Pleas, following this Court's remand for a new hearing on the amount of restitution sought by the Commonwealth in connection with the guilty plea of Appellee, John Michael Perzel, to multiple counts of criminal conspiracy, theft by failure to make required disposition of funds, and restricted activities.[1] We affirm.

The relevant facts and procedural history of this case are as follows. In 2009, the Commonwealth charged Appellee with various offenses in connection with Appellee's use of public funds, government staff, equipment, and facilities to pay for and to perform campaign activities while Appellee was a member of the Pennsylvania House of Representatives from 1978 to 2010

---

[1] 18 Pa.C.S.A. §§ 903; 3927(a); and 65 Pa.C.S.A. § 1103(a), respectively.

and/or while serving as its Speaker from 2003 to 2007. On August 31, 2011, Appellee entered an open guilty plea to two counts each of restricted activities, conspiracy to commit restricted activities, theft by failure to make required disposition of funds, and conspiracy to commit theft by failure to make required disposition of funds. Appellee admitted at the time of his guilty plea that he would be subject to pay restitution as part of his sentence. (***See*** N.T. Guilty Plea Hearing, 8/31/11, at 10). The amount of restitution was not discussed at that time. (***See id.***)

On March 21, 2012, the court sentenced Appellee to an aggregate term of 2½ to 5 years' incarceration, five years' probation, $30,000.00 in fines, and $1,000,000.00 in restitution to the Commonwealth under 18 Pa.C.S.A. § 1106 (governing restitution for injuries to person or property). Appellee did not file a direct appeal.

On March 21, 2013, Appellee filed a timely *pro se* Post Conviction Relief Act ("PCRA")[2] petition, challenging the restitution portion of his sentence as illegal because the Commonwealth was not a "victim" entitled to restitution under Section 1106. The court appointed counsel, who subsequently filed an amended PCRA petition. On July 16, 2014, following appropriate notice per Pa.R.Crim.P. 907, the court denied Appellee's petition. On May 4, 2015, this Court affirmed. Nevertheless, on February 9, 2017, our Supreme Court

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

vacated and remanded to this Court to reconsider its decision in light of *Commonwealth v. Veon*, 637 Pa. 442, 150 A.3d 435 (2016) (holding Commonwealth cannot be considered direct victim or reimbursable compensating government agency under version of restitution statute in effect at that time, 18 Pa.C.S.A. § 1106; therefore, restitution order directing payment to Commonwealth as victim of crime constitutes illegal sentence). *See Commonwealth v. Perzel*, 116 A.3d 670 (Pa.Super. 2015), *appeal granted and order vacated*, 641 Pa. 174, 166 A.3d 1213 (2017).

On remand, based on *Veon*, this Court held that the $1,000,000.00 restitution constituted an illegal sentence because the Commonwealth was not a "victim" for purposes of Section 1106. *See Commonwealth v. Perzel*, 169 A.3d 1138 (Pa.Super. 2017) (unpublished memorandum). Without disturbing the convictions, this Court vacated Appellee's judgment of sentence and remanded for resentencing *in toto*, where vacating the restitution sentence might have disrupted the court's overall sentencing scheme. *Id.*

Prior to resentencing, the Commonwealth notified Appellee that it intended to rely on several different statutes to support its renewed claim for restitution. The Commonwealth contended that restitution was proper under 43 P.S. § 1314(a) of the Public Employee Pension Forfeiture Act (stating that whenever any public official or public employee who is member of any pension system funded by moneys enters plea of guilty or *nolo contendere* to any crime related to public office or public employment, and which plea is accepted

by court, court shall order defendant to make complete and full restitution to Commonwealth or political subdivision of any monetary loss incurred as result of criminal offense), and/or as a condition of probation pursuant to 42 Pa.C.S.A. § 9754(c)(8) (stating court may order as condition of probation that defendant make restitution of fruits of his crime or make reparations, in amount he can afford to pay, for loss of damage caused thereby),[3] and/or under 65 Pa.C.S.A. § 1109(c) of the Public Official and Employee Ethics Act (stating any person who commits crime of restricted activities and obtains financial gain from violating any provision of this chapter, in addition to any other penalty provided by law, shall pay sum of money equal to three times amount of financial gain resulting from such violation into State Treasury or treasury of political subdivision).

On May 30, 2018, the court resentenced Appellee to the same initial aggregate sentence of 2½ to 5 years' incarceration plus five years' probation, granted him time served, and ordered that he pay $1,000,000.00 in restitution. In support of the restitution award, the trial court stated it was authorized to impose restitution to be paid to the Commonwealth under any of the above statutes on which the Commonwealth had relied.

On Monday, June 11, 2018, Appellee filed a timely post-sentence motion, which the court denied on June 28, 2018. Following another appeal,

---

[3] Following amendments to the statute, Section 9754(c) was deleted by 2019, Dec. 18, P.L. 776, No. 115, § 4.

this Court held that the trial court had the authority to impose restitution pursuant to Section 1314(a) of the Pension Forfeiture Act, but it lacked authority to impose restitution under the other statutes cited by the Commonwealth. Notwithstanding the trial court's authority to impose restitution, this Court held that Appellee's additional challenge to the amount of restitution imposed ($1,000,000.00) had merit, where the trial court had failed to conduct a new hearing upon this Court's 2017 remand decision. This Court noted that a hearing was particularly necessary where the Commonwealth had asserted new legal authority for imposing restitution under different legal standards.

Thus, this Court vacated the judgment of sentence once again and remanded for a new hearing to determine the Commonwealth's loss that flowed from the charges to which Appellee pled guilty. This Court specified that upon remand, to be entitled to restitution, the Commonwealth would be required to introduce "non-speculative testimony" setting forth the factual basis for the amount sought; Appellee could then challenge the amount imposed. *See Commonwealth v. Perzel*, 209 A.3d 1074 (Pa.Super. 2019), *appeal denied*, 655 Pa. 70, 217 A.3d 206 (2019).

On September 2, 2020, the trial court conducted a resentencing hearing regarding restitution. At the hearing, the Commonwealth introduced GCR Invoices and Payments, and a House Republican Caucus balance sheet that

totaled $8,640,403.76.[4]  (**See** Commonwealth's Resentencing Exhibit 7, dated 9/2/20, at 19).  The Commonwealth also introduced a 188-page grand jury presentment, the guilty plea agreement, the guilty plea transcript, the bill of information, the case docket, and the original criminal complaint.  The Commonwealth did not call any witnesses or introduce any expert testimony.

On December 31, 2020, the trial court issued an order and opinion deciding that the Commonwealth did not prove its entitlement to restitution based on the specific charges to which Appellee pled guilty.  Consequently, the court did not impose any restitution as part of Appellee's sentence.  The Commonwealth did not file a post-sentence motion.  The Commonwealth timely filed a notice of appeal on Monday, February 1, 2021.  On February 16, 2021, the court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the Commonwealth timely complied.

On appeal, the Commonwealth raised the following issue: "Did the [trial] court err in denying requested mandatory restitution, the amount of which is established by the record?"  (Commonwealth's Principal Brief at 6).  On May 11, 2022, this Court held that the Commonwealth's issue on appeal was a challenge to the discretionary aspects of sentencing, which the Commonwealth did not properly preserve before the trial court in a post-

_____

[4] GCR & Associates, Inc. was an entity that Appellee illegally paid to conduct campaign work and/or other personal, non-public purposes.

sentence motion. Therefore, this panel decided the sole issue on appeal was waived. Nevertheless, on July 20, 2022, we withdrew our May 11, 2022 decision and granted panel reconsideration to re-consider our waiver holding in light of legal authority cited in the Commonwealth's application for reargument. We further directed the parties to submit supplemental briefs limited to argument on whether the Commonwealth waived its sentencing challenge on appeal by failing to preserve it at the trial court level. The parties have filed supplemental briefs as directed.

In its principal brief, the Commonwealth argues that Appellee admitted to causing a loss of $7.6 million dollars by entering into the guilty plea, and the court erred by failing to order restitution in that amount. The Commonwealth maintains that it established the $7.6 million restitution amount when it presented evidence at the September 2, 2020 hearing consisting of the case docket, the original criminal complaint, the presentment returned by the grand jury, the criminal information, the written guilty plea agreement, the transcript of the guilty plea hearing, and a spreadsheet summarizing numerous relevant invoices. The Commonwealth insists that those exhibits support the Commonwealth's requested amount of restitution.

The Commonwealth further claims the court was required to impose restitution under the Public Employee Pension Forfeiture Act, and the court's failure to impose mandatory restitution implicates the legality of sentencing. To the extent its claim could implicate the discretionary aspects of sentencing,

the Commonwealth avers that this Court's 2019 remand decision was limited to ordering a new restitution hearing and not for resentencing. Thus, the Commonwealth claims it was not required to file a post-sentence motion because the court did not resentence Appellee, and there was no new sentence to challenge in a post-sentence motion.

In its supplemental brief following the grant of panel reconsideration, the Commonwealth reiterates its argument that it was not required to file a post-sentence motion where this Court's 2019 remand decision was limited to ordering a new restitution hearing and not for resentencing. (Commonwealth's Supplemental Brief at 6). Likewise, the Commonwealth repeats its argument that following the September 2, 2020 remand hearing, the court did not re-impose sentence. The Commonwealth claims the trial court would have been prohibited from resentencing Appellee after that hearing, as doing so would have violated this Court's 2019 remand decision. (*Id.* at 7). Thus, the Commonwealth claims it preserved its restitution challenge "in the only manner available to it: by litigating in the manner directed by this Court in its remand order." (*Id.*) Following the trial court's December 31, 2020 order denying the Commonwealth's claim for restitution, the Commonwealth contends that all claims, arguments, and issues between the parties were resolved, and the trial court's order was final and immediately appealable. (*Id.* at 8). According to the Commonwealth, "no Rule of Evidence, Rule of Criminal Procedure, or Rule of Appellate Procedure requires

- 8 -

further action by the Commonwealth under these circumstances." (***Id.***)

Although not cited by the Commonwealth in its principal brief, the Commonwealth now directs our attention to Rule of Criminal Procedure 721(A), governing post-sentence motions by the Commonwealth.[5] The Commonwealth contends that this Rule renders post-sentence motions by the Commonwealth optional. The Commonwealth further quotes the Comment to the Rule, which provides that "the Commonwealth's motion for modification of sentence is optional, as long as any discretionary sentencing issue is properly preserved at the time sentence was imposed…." (***Id.*** at 9) (quoting Pa.R.Crim.P. 721, *Comment*). In light of this language, the Commonwealth submits:

> The problem with applying this Rule to the instant circumstances is that no new sentence was imposed. The sentencing court simply issued an order making a finding that the Commonwealth had not met its burden. There was no sentencing hearing at which the Commonwealth could object, and no new sentence imposed as to which the Commonwealth could file post-sentence motions. If this Court takes the view that the Commonwealth must take some further action, it would have to remand to the sentencing court for the imposition of a new sentence to give the Commonwealth the opportunity to comply with an otherwise inapplicable Rule of Criminal Procedure.

(***Id.***) Under these circumstances, the Commonwealth insists this Court's initial waiver analysis was flawed. The Commonwealth concludes this Court

---

[5] The Commonwealth referenced Rule 721(A) for the first time in its application for reargument following this Court's now-withdrawn May 11, 2022 decision.

must reverse the order denying its request for restitution and impose a new sentence including the amount of restitution sought by the Commonwealth. Alternatively, the Commonwealth asks this Court to direct the trial court to impose a sentence without an order of restitution so that the Commonwealth may comply with Rule 721(A).

In response to the Commonwealth's arguments in its supplemental brief, Appellee argues that the record makes clear "that the vacated portion of the sentencing court's order, imposing $1,000,000.00 in restitution, was reduced by the sentencing court to $0 at the new resentencing hearing" based on the Commonwealth's failure to introduce non-speculative testimony in support of the restitution sought. (Appellee's Supplemental Brief at 5). Appellee points out that the trial court expressly referred to the September 2, 2020 proceeding as a "resentencing hearing" in its December 31, 2020 order and opinion denying relief. Appellee insists that the sentencing court, as directed by this Court on remand, conducted a resentencing hearing on September 2, 2020 to address the vacated portion of the sentencing court's order awarding $1,000,000.00 in restitution. Appellee further highlights language from this Court's February 19, 2019 remand decision expressly vacating "the portion of the sentencing court's order imposing $1,000,000.00 in restitution" and concluding "Judgment of sentence vacated and case remanded with instructions." (*Id.* at 6-7). Appellee submits that the Commonwealth seems to acknowledge that this Court vacated the judgment

- 10 -

of sentence in the February 19, 2019 remand decision, but then "seems to change course" by claiming that this Court did not impose a new sentence. (***Id.*** at 7).

Appellee further disputes the Commonwealth's claim that it preserved its sole claim by presenting evidence related to restitution at the hearing "in the time and manner directed by this Court." (***Id.*** at 8).  Appellee emphasizes that the Commonwealth did not comply with this Court's remand directive because it failed to offer non-speculative evidence in support of its claim by declining to call any witnesses or introduce any expert testimony.  Appellee insists the Commonwealth's challenge is properly construed as an attack on the discretionary aspects of sentencing, which the Commonwealth failed to properly preserve before the trial court.  Appellee also objects to the Commonwealth's omission of a Pa.R.A.P. 2119(f) statement.  Appellee concludes the Commonwealth has waived its sentencing challenge, and this Court must affirm the order declining to award restitution.  For the following reasons, we agree with Appellee's position.

Initially, we must decide whether the Commonwealth's issue implicates the legality of the sentence, as alleged by the Commonwealth in its principal brief, or the discretionary aspects of sentencing.  A challenge to the legality of a sentence raises a question of law. ***Commonwealth v. Smith***, 956 A.2d 1029, 1033 (Pa.Super. 2008) (*en banc*).  In reviewing this type of claim, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Childs***, 63 A.3d 323, 325 (Pa.Super. 2013). "An illegal sentence must be vacated…" ***Commonwealth v. Ramos***, 197 A.3d 766, 769 (Pa.Super. 2018) (citation and quotation marks omitted). Moreover, assuming jurisdiction is proper, "a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*." ***Commonwealth v. Wolfe***, 106 A.3d 800, 801 (Pa.Super. 2014) (citation omitted).

In contrast, challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal[;] (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence[;] (3) whether appellant's brief has a fatal defect[;] and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

***Id.*** (internal citations omitted).

In ***Commonwealth v. Weir***, ____ Pa. ____, 239 A.3d 25 (2020), our Supreme Court reiterated that "a challenge to the sentencing court's authority to order restitution raises a non-waivable legality of sentencing issue. A challenge to the manner in which the sentencing court exercises that authority in fashioning the restitution implicates the discretionary aspects of the sentence." ***Id.*** at ____, 239 A.3d at 37. Therefore, when an appellant claims

that the trial court lacked statutory authority to impose restitution, it is a legality of sentencing issue. *Id.* Conversely, where an appellant "challenges only the amount of the award based on the sentencing court's consideration of the evidence of loss presented by the Commonwealth, it is a challenge to the discretionary aspects of sentencing." *Id.* at ___, 239 A.3d at 38.

Instantly, the Commonwealth's claim is that the court erred in determining the proper amount of restitution, which the Commonwealth characterized as at least $7.6 million. Because the Commonwealth disputes "only the amount of the award based on the sentencing court's consideration of the evidence of loss presented by the Commonwealth," rather than the court's authority to impose restitution (which this Court previously decided the trial court was authorized to impose under 43 P.S. § 1314), it is a challenge to the discretionary aspects of Appellee's sentence.[6] *See Weir, supra*.

_____

[6] We recognize this Court's decision in *Commonwealth v. Deweese*, No. 1811 MDA 2018 (Pa.Super. Apr. 28, 2020) (unpublished memorandum), in which this Court considered the Commonwealth's challenge to the trial court's failure to order restitution under 43 P.S. § 1314 as a challenge to the legality of sentencing. In *Deweese*, the trial court awarded no restitution due to its interpretation of the statute as prohibiting an order of restitution in addition to the forfeiture of pension benefits. In other words, the trial court believed it lacked statutory authority to impose restitution under Section 1314 where the defendant had already forfeited his pension. On appeal, the Commonwealth asserted that the trial court possessed authority to impose restitution under the statute. The panel majority agreed with the Commonwealth, holding that Section 1314 authorized imposition of restitution in addition to the forfeiture of pension benefits. Thus, *Deweese* involved a challenge to the legality of sentencing because the trial court's authority to impose restitution under the statute was the relevant issue. In this case,
*(Footnote Continued Next Page)*

- 13 -

In general, "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa.Super. 2012) (citing *Commonwealth v. Shugars*, 895 A.2d 1270, 1273-74 (Pa.Super. 2006)). Where a post-sentence motion is granted and a new sentence is then imposed, a challenge to the discretionary aspects of the new sentence must be preserved either through a second post-sentence motion or at the time of the resentencing. *See Commonwealth v. Levy*, 83 A.3d 457, 467 (Pa.Super. 2013) (holding failure to file post-sentence motion after resentencing waived defendant's challenge to discretionary aspects of sentence concerning second judgment of sentence).

Pennsylvania Rule of Criminal Procedure 721 governs the

---

however, the parties and the trial court agree that the court had authority to impose restitution under Section 1314. The relevant inquiry here is whether the Commonwealth proved its entitlement to restitution by presenting non-speculative testimony/evidence to support its claim. Consequently, this case is distinguishable from *Deweese*.

Further, the fact that restitution is "mandatory" under Section 1314 (*see id.*) does not mean every challenge to the amount of restitution under that statute implicates the legality of sentencing. *See, e.g., Weir, supra* (acknowledging that restitution is "mandatory" under Section 1106(c), but that challenge to amount of restitution based on sentencing court's consideration of loss presented by Commonwealth is challenge to discretionary aspects of sentencing).

Commonwealth's challenge to a defendant's sentence, in pertinent part as follows:

> **Rule 721.  Procedures for Commonwealth Challenges to Sentence; Sentencing Appeals**
>
> **(A) Commonwealth Challenges to Sentence**
>
> (1) The Commonwealth may challenge a sentence by filing a motion to modify sentence, by filing an appeal on a preserved issue, or by filing a motion to modify sentence followed by an appeal.
>
> (2) Sentencing issues raised by the Commonwealth at the sentencing proceeding shall be deemed preserved for appeal whether or not the Commonwealth elects to file a motion to modify sentence on those issues.

Pa.R.Crim.P. 721(A).  The Comment to the Rule further explains:

> Historically, the Commonwealth has been required to raise a discretionary sentencing issue at the sentencing hearing or in a post-trial motion to modify sentence in order to preserve the issue for appellate review.  Challenges to the legality of a sentence, however, are not waived if the Commonwealth fails to timely file a motion for modification.
>
> Under Rule 721, the Commonwealth's motion for modification of sentence is optional, **as long as any discretionary sentencing issue is properly preserved at the time sentence was imposed**.  **Before forgoing trial court review and proceeding with a direct appeal, the attorney for the Commonwealth must therefore be sure that the record created at the sentencing proceeding is adequate for appellate review of the issue, or the issue may be waived**.

Pa.R.Crim.P. 721, *Comment* (internal citations omitted) (emphasis added).

Instantly, we initially reject the Commonwealth's claim that the proceeding which took place on September 2, 2020 following this Court's

remand decision was not a resentencing hearing.  The court expressly referred to the proceeding as a sentencing hearing multiple times on the record, without objection from the Commonwealth.  (*See* N.T. Hearing, 9/2/20, at 21).  Further, the record makes clear the court's initial restitution award was imposed as part of Appellee's direct sentence.  Indeed, this Court's February 19, 2019 remand decision concluded its disposition with "Judgment of sentence vacated…"  Thus, any restitution the court would have imposed following the September 2, 2020 hearing would have been part of Appellee's sentence.  ***See, e.g., Commonwealth v. Boone***, 862 A.2d 639, 643 (Pa.Super. 2004) (explaining: "An order of restitution is a sentence…").  The fact that the court declined to award restitution does not change the fact that restitution was part of Appellee's sentence.

Regarding whether the Commonwealth properly preserved its challenge to the amount of restitution, we reiterate that "[u]nder Rule 721, the Commonwealth's motion for modification of sentence is optional, as long as any discretionary sentencing issue is properly preserved **at the time sentence was imposed**."  Pa.R.Crim.P. 721, *Comment* (emphasis added).  Here, there is no dispute that the Commonwealth did not file post-sentence motions following the court's December 31, 2020 decision declining to award restitution.  Although the Commonwealth contends that it preserved its sentencing challenge at the September 2, 2020 proceeding based on the arguments it advanced at that time, the Comment to the Rule plainly states

that a party must preserve its sentencing challenge at the time the sentence was **imposed**. *See id.* The purpose of requiring a party to object to a sentence after it is imposed, is to give the trial judge an opportunity to reconsider or modify the sentence imposed; failure to do so deprives the trial court of this chance. *See generally Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

Had the trial court declined to impose restitution at the conclusion of the September 2, 2020 proceeding, and the Commonwealth objected to the court's decision on the record, such action would have been sufficient to preserve the Commonwealth's claim of error without the need to file a post-sentence motion. *See* Pa.R.Crim.P. 721(A). Here, however, the Commonwealth could not preserve an objection to the restitution portion of Appellee's sentence at the September 2, 2020 proceeding, because the court had deferred its ruling and no decision on restitution was made at that time. Therefore, we conclude that the Commonwealth did not properly preserve its sentencing challenge before the trial court, and its sole issue on appeal is waived.[7]

_____

[7] Other than its citation to Rule 721(A) and the Comment to that Rule, the Commonwealth cites only one case in support of its assertion that it did not have to file post-sentence motions. (*See* Commonwealth's Principal Brief at 2). The case on which the Commonwealth relies, *Interest of J.B.*, 630 Pa. 124, 106 A.3d 76 (2014), involved a juvenile's failure to preserve a challenge to the weight of the evidence in a post-dispositional motion. The Supreme Court explained that "the current Rules of Juvenile Court Procedure—which
*(Footnote Continued Next Page)*

Further, Pennsylvania Rule of Appellate Procedure 2119(f) requires an appellant who challenges the discretionary aspects of a sentence to set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa.Super. 2003) (emphasis in original) (internal quotation marks and internal citation omitted).

This Court has explained:

> The seminal case discussing the mandatory nature of Rule 2119(f) statements is *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). There, the [defendant] pled guilt[y] to violations of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§ 780-113(a)(16), (30),

_____

'govern delinquency proceedings in all courts'—are utterly silent as to how a weight of the evidence claim must be presented to the juvenile court so that it may rule on the claim in the first instance, which is, … a necessary prerequisite for appellate review." *Id.* at 160, 106 A.3d at 99 (internal footnote omitted). Under the circumstances of that case, the Supreme Court declined to find waiver of the weight claim.

Here, the rules of criminal procedure and interpretive case law require a party to preserve a challenge to the discretionary aspects of sentencing in the trial court by preserving the challenge on the record at the sentencing proceeding after the sentence is imposed or by filing a timely post-sentence motion. *See* Pa.R.Crim.P. 721(A); *Lamonda, supra*. Thus, the Commonwealth's reliance on *J.B.* is misplaced.

and was sentenced to pay a $1,000 fine and to serve five years' probation. The Commonwealth appealed. However, the Commonwealth failed to comply with Rule 2119(f) and the [defendant] argued "that the Commonwealth was required to set forth in a separate section of its brief reasons why its appeal should be granted." *Id.* at [512, 522 A.2d at 19].

This Court rejected the [defendant's] argument and reviewed the Commonwealth's brief and arguments on the merits, and determined that a substantial question existed and allowed the appeal. *Id.* However, upon further appeal, the Supreme Court reversed, holding that it had been an error for this Court to consider the merits when the Commonwealth had failed to comply with Rule 2119(f). *Id.*

In the wake of *Tuladziecki*, this Court grappled with the mandatory nature of Rule 2119(f) and whether it is a procedural or jurisdictional requirement, *i.e.*, a fatal or waivable defect. In *Commonwealth v. Krum*, [533 A.2d 134, 137 (Pa.Super. 1987) (*en banc*)], a divided *en banc* [C]ourt held that inclusion of a Rule 2119(f) statement was a procedural requirement. This Court's primary rational[e] was based on the Supreme Court's decision in *Tuladziecki* to remand for resentencing because "[t]he [defendant] properly preserved his challenge to this **procedural violation**." *Id.* (emphasis added).

To this Court, the quoted passage from *Tuladziecki* indicated that a failure by the appellee to object to an omission of a [Rule] 2119(f) statement constitutes a waiver of objection, permitting the court to overlook the omission and determine whether a substantial question has been presented for review. *Id.* at 138.

Although we concluded in *Krum* that an objection to a failure to comply with [Rule] 2119(f) can be waived, the Supreme Court later held that the courts have the power to enforce compliance with Pa.R.A.P. 2119(f) *sua sponte.* ***Commonwealth v. Gambal***, 522 Pa. 280, [285,] 561 A.2d 710, 713 (1989). The Supreme Court reasoned "that it is untenable to argue that a party, by not objecting to deficiencies in the opposing party's brief, has waived the **court's right** to receive a proper brief." *Id.* [(emphasis in

original)].

> Therefore, when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte*, *i.e.*, deny allowance of appeal. **Id.** at [285-86, 561 A.2d at] 713-14. However, this option is lost if the appellee objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied. **Tuladziecki**[*, supra* at 513, 522 A.2d at 19;] **Commonwealth v. Hunter**, 768 A.2d 1136, 1144 (Pa.Super. 2001); **Commonwealth v. Rodriquez**, [673 A.2d 962, 968 (Pa.Super. 1996)]; **Commonwealth v. Shartle**, [652 A.2d 874, 875 (Pa.Super. 1995)]; **Commonwealth v. Birdseye**, [637 A.2d 1036, 1044 (Pa.Super. 1994)].

**Commonwealth v. Kiesel**, 854 A.2d 530, 532-33 (Pa.Super. 2004).

Instantly, the Commonwealth did not include a Rule 2119(f) statement in its principal or supplemental brief setting forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of Appellee's sentence. **See** Pa.R.A.P. 2119(f). The Commonwealth's failure to comply with Rule 2119(f) is another reason why the Commonwealth's challenge to the restitution portion of Appellee's sentence is waived.[8] **See id.** Accordingly, we decline to

---

[8] We note that Appellee objected to the Commonwealth's failure to include a Rule 2119(f) statement for the first time in his supplemental brief. Had Appellee objected to this defect in his principal brief, we would have deemed the Commonwealth's sentencing challenge waived on this ground, regardless of whether the Commonwealth had preserved its restitution challenge in the

*(Footnote Continued Next Page)*

reach the merits of the Commonwealth's discretionary aspects of sentencing

challenge, and we affirm.

Order affirmed.

Judge Olson joins this opinion.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023

---

trial court and we would have declined to grant panel reconsideration in this case. **See Kiesel, supra**. We further note that our order granting panel reconsideration expressly limited supplemental briefing "to argument on whether the Commonwealth waived its issues by failing to preserve them **at the trial court level**." (Order, filed 7/20/22) (emphasis added). Thus, to the extent that Appellee's objection is beyond the scope of our supplemental briefing directive, we deny allowance of appeal *sua sponte*, based on our conclusion that the Commonwealth failed to preserve its sentencing claim both at the trial court level, and now on appeal. **See Kiesel, supra**.