J-S02039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABRAHIM FATA | : | |
| | : | |
| Appellant | : | No. 563 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 16, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0004857-2017

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED APRIL 23, 2025**

Abrahim Fata appeals *pro se* from the judgment of sentence entered

following the revocation of his probation. We affirm.

The trial court aptly summarized the facts and procedural history of this

case as follows:

> [Fata] was originally arrested on October 11, 2017 and charged with stalking and harassment. On June 5, 2018, [Fata] entered into a guilty plea on one count of stalking, 18 Pa.C.S.A. § 2709.1(a)(2), graded as a misdemeanor of the first degree. He was sentenced to not less than 8 nor more than 23 months in Lehigh County Prison, followed by three years of consecutive probation.
>
> On August 26, 2020, [Fata] appeared before the undersigned for a parole violation stemming from [Fata's] alleged efforts to have contact with the victim. [Fata] conceded the allegations of the parole violation petition. His parole was revoked and he was remanded to Lehigh County Jail to serve the balance of his sentence with eligibility for reparole after serving one third of the balance. [Fata's] probation was revoked and he was resentenced to three

years of probation consecutive to serving the balance of his sentence. [Fata] was paroled on January 25, 2021.

On August 3, 2022, [Fata] was arrested in Pike County, Pennsylvania on charges of resisting arrest and disorderly conduct. [Fata] entered a guilty plea to resisting arrest on June 29, 2023 and received six months of probation in Pike County. This constituted a violation of his sentence in the within matter.

A *Gagnon II*[1] hearing was scheduled for December 13, 2023 before the undersigned. Defense counsel requested a continuance in order for [Fata] to secure a mitigation witness. The Court granted this continuance and conducted the matter on January 16, 2024.

At the *Gagnon II* hearing, Garrett Hall of the Lehigh County Office of Adult Probation recommended that [Fata's] probation be revoked and he be resentenced to not less than 11 nor more than 23 months in Lehigh County Prison. Officer Hall recommended that [Fata] be made eligible for parole after serving one third of the sentence, but emphasized that [Fata] should receive a mental health evaluation as part of his parole plan.

During the hearing, [Fata] agreed to execute a release for his mental health treatment records. The Court directed [Fata] to execute the release and sentenced him to not less than eleven nor more than twenty-three months in Lehigh County Prison. . . .

\*\*\*

[Fata] filed a post-sentence Motion to Modify and Reduce Sentence on January 29, 2024, which the Court denied the same day. He subsequently filed a flurry of motions and petitions, including two separate notices of appeal which were docketed at 563 EDA 2024 and 493 EDA 2024. All of these were denied or dismissed as hybrid.

Counsel discontinued the appeal docketed at 493 EDA 2024 and instead elected to pursue only the appeal docketed at 563 EDA 2024.

---

[1] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

Rule 1925(a) Opinion, filed 4/11/24, at 2-3, 6.

On appeal, Fata filed an Application to Proceed *Pro Se*. We remanded the case to the trial court to hold a **Grazier** hearing.[2] The trial court determined that Fata knowingly, willingly, and intelligently waived his right to counsel, and he now appears before this Court *pro se*. **See** N.T., **Grazier** Hearing, 7/11/24, at 5-9.

Fata raises the following:

> According to 42 Pa.C.S. § 2154.4 (1) the fact was I plead [sic] guilty to a new charge resisting arrest and violated probation, (2) the seriousness of the violation should somewhat correlate to the penalty imposed by the new charge, (3) and so should the rehabilitative needs of the defendant.
>
> Also, according to the Opinion that was filed on April 11, 2024, and 42 Pa.C.S. § 9781(c)(1) there was legit reasoning for resentencing, a max of 23 months, but the minimum of 9 months because of Mr. Hall statement on page 4 of not taking my mental health seriously and possibly to stalk a minor again "is" erroneously, (c)(2) the circumstances of the resisting arrest was an accident, and not even a factor taken into consideration, and if it was, 9 months is clearly unreasonable, and/or (c)(3) . . . . .
>
> The trial court did not address these questions, and I am penalized for irrelevant and false issues.

Fata's Br. at 1-2.

Fata challenges the discretionary aspects of his sentence. There is no absolute right to appellate review of such a challenge. **See Commonwealth v. Perzel**, 291 A.3d 38, 46 (Pa.Super. 2023), *appeal denied*, 301 A.3d 426

_____

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

(Pa. 2023). Rather, we must consider whether Fata: 1) filed a timely appeal; 2) preserved his claim at sentencing or in a post-sentence motion; 3) included a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in his brief; and 4) raised a substantial question. *See Commonwealth v. Williams*, 198 A.3d 1181, 1186 (Pa.Super. 2018). All four prongs must be satisfied before we may address the merits of the claim. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013).

Fata filed a timely appeal and preserved his claim in his post-sentence motion. However, he did not include a Rule 2119(f) statement in his brief. "If the Commonwealth objects to the appellant's failure to comply with Pa.R.A.P. 2119(f), the sentencing claim is waived for purposes of review." *Commonwealth v. Griffin*, 149 A.3d 349, 353 (Pa.Super. 2016). Here, the Commonwealth has objected and maintains that Fata's omission should result in his claim being unreviewable on appeal. *See* Commonwealth's Br. at 7. As such, Fata's sentencing claim is waived. We affirm the judgment of sentence.

Judgment of sentence affirmed.[3]

---

[3] Fata made a "motion for a decision" in this case. *See* Application for Relief, filed 4/3/25. The motion is denied as moot.

- 4 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/23/2025</u>