J-S01020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANCIS COLLIN VETTER | : | |
| | : | |
| Appellant | : | No. 607 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 21, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001774-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANCIS COLLIN VETTER | : | |
| | : | |
| Appellant | : | No. 608 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 21, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000440-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANCIS COLLIN VETTER | : | |
| | : | |
| Appellant | : | No. 609 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 21, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001772-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
FRANCIS COLLIN VETTER :
:
Appellant : No. 610 MDA 2024

Appeal from the Judgment of Sentence Entered October 21, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001055-2019

BEFORE: NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED: APRIL 24, 2025**

Appellant, Francis Collin Vetter, appeals *nunc pro tunc* from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his jury trial convictions for four counts of rape of a child, six counts of indecent assault, two counts of obstruction in child abuse cases, and related offenses.[1] We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them. (**See** Trial Court Opinion, filed 6/20/24, at 1-12). Procedurally, we add that this Court consolidated the appeals *sua sponte* on July 9, 2024.

Appellant raises the following issues for our review:

> Whether there was insufficient evidence to convict Appellant
> of intimidation, retaliation or obstruction of child abuse

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(c), 3126(a), and 4958(a)(1), respectively.

cases under [18 Pa.C.S.A.] § 4958(a)(1) [when the Commonwealth] failed to establish the elements necessary for conviction, particular conduct which violated the statute, or intent?

Whether the trial court abused its discretion by considering only the nature and gravity of the offense, and not giving proper consideration to Appellant's age, lack of criminal record, and rehabilitative needs, which violated sentencing guidelines and resulted in a manifestly unreasonable and excessive sentence?

Whether the trial court abused its discretion in imposing consecutive sentences for all counts since it resulted in an unduly harsh and excessive sentence as it amounts to a *de facto* life sentence?

Whether the trial court imposed an illegal sentence when it failed to merge for sentencing indecent assault in Count 26 through Count 29 with rape of a child in Count 1 through Count 4?

(Appellant's Brief at 4) (reordered for purposes of disposition).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Andrew J. Jarbola, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion at 13-15, 19-27) (finding: **(issue 1)** sufficient evidence supported Appellant's obstruction convictions because Commonwealth introduced evidence that Appellant texted/called his girlfriend's daughter and asked her to try to get both victims, S.B. and G.V., to say that they made up allegations against Appellant and to record their

statements; **(issues 2-3)**[2] court reviewed pre-sentence investigation report, which contained details of Appellant's background, and considered Appellant's rehabilitative needs by ordering Appellant to attend sexual offender counseling; court properly considered all sentencing factors and ultimately concluded that gravity of Appellant's offenses, committed against his own children for extended period of time, and need to protect other children from similar harm, warranted consecutive sentences that resulted in lengthy

_____

[2] In his second and third issues, Appellant raises challenges to the discretionary aspects of his sentence. "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." **Commonwealth v. Perzel**, 291 A.3d 38, 46 (Pa.Super. 2023), *appeal denied*, ____ Pa. ____, 301 A.3d 426 (2023). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Here, Appellant raised his sentencing issues in a timely post-sentence motion, filed a timely notice of appeal, and included in his appellate brief a Rule 2119(f) statement. Further, Appellant's claims arguably raise a substantial question for our review. **See Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*), *appeal denied*, 633 Pa. 774, 126 A.3d 1282 (2015) (holding that appellant's challenge to imposition of consecutive sentences as unduly excessive, together with claim that court failed to consider rehabilitative needs upon fashioning sentence, presents substantial question.) As such, we address the merits of Appellant's sentencing issue.

aggregate sentence; **(issue 4)** Commonwealth charged Appellant with six counts of indecent assault on grounds that Appellant forced S.B. to engage in oral sex and other indecent contact on regular basis from age seven to twelve; criminal acts that supported indecent assault counts were different from criminal acts of sexual intercourse that supported rape counts; as such, convictions do not merge for purpose of sentencing).  Accordingly, we affirm on the basis of the trial court's opinion.[3]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/24/2025

---

[3] We direct the parties to attach a copy of the trial court's opinion to any future filings involving this appeal.