J-S19003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIR LONDON | : | |
| | : | |
| Appellant | : | No. 3012 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 21, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006058-2023

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED JUNE 10, 2025**

Jamir London appeals from the judgment of sentence, an aggregate period of 5 to 10 years' incarceration followed by 3 years' reporting probation, entered in the Court of Common Pleas of Philadelphia County after he was convicted of several Uniform Firearms Act[1] offenses. After careful consideration, we affirm.

The trial court summarized the facts underlying London's convictions as follows:

> During the evening of June 20, 2023, Officer [Raheem] Williams [of the Philadelphia Police Department] was monitoring live video from a closed-circuit television ("CCTV") camera located near the intersection of 19th Street and 72nd Avenue in Philadelphia. At approximately 6:48 p.m., Officer Williams observed [London] sitting in a vehicle while two other males stood nearby. [London] reached down towards the car's passenger-side floorboard and

_____

[1] 18 Pa.C.S.A. §§ 6101–6128.

picked up a firearm. Officer Williams saw [London] take a magazine out of the firearm and then show the firearm to the other males. Officer Williams then observed [London] put the magazine back into the firearm. Based on his observations, Officer Williams believed [London] was in the process of selling the firearm to the other males.

Officers detained [London], and Officer [Patrick] Syron [of the Philadelphia Police Department] recovered a Glock firearm from the passenger-side floorboard of [London's] car. The firearm was loaded with 13 rounds of ammunition in the magazine. [London] did not have a license to carry a firearm and was prohibited from possessing firearms due to his prior convictions for robbery, conspiracy to commit robbery and possessing an instrument of a crime.

Trial Court Opinion, 12/24/24, at 2 (citations to record omitted).

A criminal information was filed against London on September 8, 2023, charging him with one count each of possession of a firearm by a prohibited person, carrying a firearm without a license, and carrying a firearm in public in Philadelphia.[2] At the conclusion of the waiver trial held on April 1, 2024, London was found guilty of all 3 offenses.

The trial court postponed sentencing until June 21, 2024, pending completion of a pre-sentence investigation report ("PSI"). On the count of possession of a firearm by a prohibited person, the court imposed a sentence of 5 to 10 years' incarceration to run concurrent to the sentence of 3 ½ to 7 years imposed on the count of carrying a firearm without a license. **See** Sentencing Order, 6/24/2024. Additionally, the court sentenced London to 3

_____

[2] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108(a)(1), respectively.

years' reporting probation on the count of carrying a firearm in public in Philadelphia. *Id.* London timely filed a motion for reconsideration of sentence, which the court denied on October 21, 2024.

London timely filed a notice of appeal from his judgment of sentence on November 7, 2024, and on November 22, 2024, he filed a court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) on December 24, 2024, in which it concludes that London's challenge is waived and meritless.

On appeal, London presents the following question for our review:

> Whether the sentence imposed on [London] was harsh and excessive and an abuse of discretion since the lower court failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when it imposed the sentence in question?

Appellant's Brief, at 6.

London raises a challenge to the discretionary aspects of his sentence, which is not appealable as of right and must be considered a petition for allowance of appeal. *See Commonwealth v. Snyder*, 289 A.3d 1121, 1125-26 (Pa. Super. 2023); *see Commonwealth v. Crawford*, 257 A.3d 75, 78 (Pa. Super. 2021) ("The right to appeal the discretionary aspects of one's sentence is not absolute, and the jurisdiction of this Court must be properly invoked."). Thus, before addressing the merits of such a challenge, we must first determine:

(1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Reid**, 323 A.3d 26, 29 (Pa. Super. 2024) (citation and brackets omitted).

Although London timely filed a notice of appeal from his judgment of sentence, he otherwise fails to properly invoke our jurisdiction to review his discretionary sentencing challenge.

First, London has waived the sentencing factors issue he raises on appeal because he failed to preserve it in the trial court. "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Lawrence**, 313 A.3d 265, 284-85 (Pa. Super. 2024) (citations omitted); **see** Pa.R.Crim.P. 720(B)(1)(c) ("Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues."); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Here, in his timely filed motion for reconsideration of sentence, London conceded that the sentencing court "mitigated the sentence" but contended

- 4 -

that "further mitigation [was] warranted" because of his remorse, his ability to work as a truck driver, his children, his desire to rehabilitate, and his incarceration for the last 12 months. Motion for Reconsideration of Sentence, 6/24/24, at ¶¶ 2-3. The motion addressed only the failure to *further* mitigate the sentence. Although the motion contained no mention of excessiveness or the court's alleged failure to consider the sentencing factors, in his concise statement of matters complained of on appeal, London attempts to expand the breadth of his challenge to include allegations that the sentence imposed is "harsh and excessive and an abuse of discretion [because] the lower court failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence[.]" 1925(b) Statement, 11/22/24, at ¶ 1. Because the issues London raises on appeal concerning the court's imposition of an excessive sentence and failure to consider the statutory sentencing factors were not properly preserved before or during trial or in his motion for reconsideration, he has waived these issues for our review. *See Reid*, 323 A.3d at 29; *Lawrence*, 313 A.3d at 284-85; Pa.R.Crim.P. 720(B)(1)(c); *see also* Pa.R.A.P. 302(a).

Second, although London properly preserved his issue concerning mitigating factors by raising it in his motion for reconsideration, we are precluded from reaching the merits of this claim because London omitted the requisite Rule 2119(f) statement from his brief.

> Pennsylvania Rule of Appellate Procedure 2119(f) requires an
> appellant who challenges the discretionary aspects of a sentence

- 5 -

to set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

***Commonwealth v. Perzel***, 291 A.3d 38, 48-49 (Pa. Super. 2023) (quotation marks, citations, and emphasis omitted); ***see also Reid***, 323 A.3d at 29 (failure to include Rule 2119(f) statement constitutes a "fatal defect"). Furthermore, where an appellee objects to an appellant's omission of a Rule 2119(f) statement, "this Court is precluded from reviewing the merits of the claim and the appeal must be denied." ***Id.*** at 49 (citations omitted).

Here, the Commonwealth objects to London's omission of a Rule 2119(f) statement in his brief, and therefore, we are precluded from reviewing the merits of his preserved claim. ***See*** Appellee's Brief, at 8; ***see Perzel***, 291 A.3d at 49.[3] Accordingly, because London's brief contains a "fatal defect," he has waived his discretionary sentencing challenge on this basis and has failed to invoke our jurisdiction. ***Reid***, 323 A.3d at 29.

_____

[3] Additionally, we note that even if we were not precluded from reviewing this claim based on London's omission, his argument is that the sentencing court should have provided further mitigation based on various factors, which does not raise a substantial question as to the appropriateness of his sentence under the Sentencing Code. ***See*** Motion for Reconsideration of Sentence, 6/24/24, at ¶¶ 2-10; ***Reid***, 323 A.3d at 30.

Moreover, even if London properly invoked our jurisdiction to review his challenge, he would be due no relief. Our review of the record confirmed that the sentencing court explicitly considered not only the statutory sentencing factors, the sentencing guidelines, and the mitigation evidence presented at the hearing and contained in the PSI when fashioning London's mitigated-range sentence, but it also accounted for the specific mitigating factors London maintains were not adequately considered, including his remorse, his ability to work, his children, and his desire to be rehabilitated. **See** N.T. Sentencing, 6/21/24, at 14-16; **see** Motion for Reconsideration of Sentence, 6/24/24, at ¶¶ 3-10; **see** Appellant's brief, at 15-16.

For the foregoing reasons, London is due no relief on his challenge to the discretionary aspects of his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/10/2025

- 7 -