J-A15014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
FRANKLIN LEE GILLIS, JR.   :
  :
Appellant   :   No. 1499 MDA 2024

Appeal from the Judgment of Sentence Entered September 3, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004075-2023

BEFORE:   BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:     **FILED: AUGUST 11, 2025**

Franklin Lee Gillis, Jr., appeals from the aggregate judgment of sentence

of five to ten years of imprisonment. We affirm.

The trial court provided the following background:

> On July 31, 2023, law enforcement responded to a domestic incident[.] . . . Appellant's girlfriend at the time . . . explained that the night before[,] Appellant had struck her with a closed fist on the left side of her face[,] as was evidenced by swelling and bruising to her left eye. She also reported that Appellant had grabbed her by her hair braids so forcefully that they came out of her head, and he bit her scalp. After officers observed bruising on her neck, [the victim] informed them that Appellant grabbed her by her throat, dragged her across the living room by her throat, and he had squeezed to the point that she had not been able to breathe. During the hours[-]long attack Appellant also told [the victim], "I'll blow your fucking brains out."

***See*** Trial Court Opinion, 11/18/24, at 1-2 (cleaned up).

---

[*] Former Justice specially assigned to the Superior Court.

Appellant was thereafter charged with simple assault, strangulation, and terroristic threats. A jury convicted him of all counts, and the court deferred sentencing to obtain a pre-sentence investigation ("PSI") report. At the ensuing sentencing hearing, Appellant exercised his right to allocution and the victim read her impact statement. The court also recited Appellant's multiple prior sentences from his PSI report, some of which were subsequently resentenced, and determined he was prone to recidivism. Ultimately, the trial court concluded that "due to Appellant's lifestyle, the horrifying nature of the assault, and the lasting impact on the victim, a [standard range] sentence of five to [ten] years [wa]s completely appropriate." *Id*.

Appellant did not object at sentencing, but filed a timely post-sentence motion arguing that the trial court abused its discretion in imposing a manifestly excessive sentence and failing to consider mitigating factors. Specifically, Appellant contended that the court neglected to acknowledge that he had a good employment history, contributed to the community, and had undergone substantial change after his prior non-violent convictions. *See* Post-Sentence Motion, 9/11/24, ¶¶ 6-7.

The trial court denied the motion. This timely appeal followed, and Appellant and the court complied with the requirements of Pa.R.A.P. 1925. Appellant raises the following question for our determination: "Was the aggregate sentence of five to ten years [of] incarceration manifestly excessive

under the circumstances and an abuse of the court's discretion?" Appellant's brief at 7.

Appellant's issue implicates the discretionary aspects of his sentence. *See Commonwealth v. Sierra*, 752 A.2d 910, 912-13 (Pa.Super. 2000). This Court has recognized that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Thompson*, 333 A.3d 461, 467 (Pa.Super. 2025) (citation omitted). Rather, in order for this Court to address the merits of this claim, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

*Id*. (cleaned up).

Regarding the second element, "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Perzel*, 291 A.3d 38, 47 (Pa.Super. 2023). This Court has explained that an appellant must "give the trial judge an opportunity to reconsider or modify the sentence imposed[,]" and the "failure to do so deprives the trial court of this chance." *Id*. at 48. Additionally, "a post-

- 3 -

sentence motion only preserves challenges to the discretionary aspects of sentencing that are specifically included in the post-sentence motion." *Commonwealth v. Williams*, 198 A.3d 1181, 1186 (Pa.Super. 2018).

Applying this test herein, we conclude that Appellant did not preserve the precise issue raised on appeal in his post-sentence motion. As stated, the issue Appellant preserved was the trial court's alleged failure to consider mitigating factors. *See* Post-Sentence Motion, 9/11/24, ¶¶ 6-8, 10. However, in his Rule 2119(f) statement, Appellant shifts to wholly new contentions that the PSI report contained impermissible, outdated, and confusing information regarding his prior sentences. *See* Appellant's brief at 11-13. None of these arguments concerning the contents of the PSI report was mentioned in the post-sentence motion. Thus, we find his issue waived for our review. *See Perzel*, 291 A.3d at 47; *Williams*, 198 A.3d at 1186.

Even if Appellant properly preserved his arguments, we would conclude that they are meritless. Where a sentencing court has the benefit of a PSI report, this Court presumes that "the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa.Super. 2022). Additionally, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Verma*, 334 A.3d 941, 947 (Pa.Super. 2025). Here, the sentencing court had

Appellant's PSI report and imposed a sentence within the standard range. Accordingly, we presume that the court considered all relevant mitigating factors and imposed a reasonable sentence. For the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/11/2025