J-A10023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KAREEM SHARIFF PARKINS | : | |
| | : | |
| Appellant | : | No. 2388 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 29, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002064-2021

BEFORE: PANELLA, P.J., KING, J., and COLINS, J.*

MEMORANDUM BY KING, J.:           **FILED APRIL 13, 2023**

Appellant, Kareem Shariff Parkins, appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas, following his jury trial convictions for two counts of simple assault and one count of possessing instruments of crime ("PIC"), and bench trial conviction for summary harassment.[1] We affirm.

The trial court set forth the relevant facts of this case as follows:

> On October 6, 2020, at approximately 7:00 p.m., … Kathryn Veech came on the front porch of the home of Anna Accomando and Rosario Badalamenti in the Lake Valhalla community. Ms. Veech and her companion, [Appellant], also resided in the Lake Valhalla community with their children. Ms. Veech was there to complain about foul language being directed to Veech's minor daughter by

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a)(1); 907; and 2709, respectively.

Accomando/Badalamenti's minor son, G.B. Rosario Badalamenti answered the door. Ms. Veech asked him where his son was. When Mr. Badalamenti turned to call his son, Ms. Veech attempted to punch him in the face. Anna Accomando came to the door and Ms. Veech attacked her, causing injury to her lip and punching her in the eye. She fought back, with both women clutching the other's hair. Then [Appellant] appeared at the doorway and struck Ms. Accomando in the head with a metal solar light post causing a laceration to her scalp and a fracture of her maxillary bone. At some point [Appellant] also punched G.B. in the mouth and dragged him, causing a scraping injury to his knees.

(Trial Court Opinion, filed November 9, 2022, at 1-2).

Procedurally, a jury convicted Appellant on May 12, 2022, of two counts of simple assault and one count of PIC. The court also convicted Appellant of summary harassment. The court sentenced Appellant on August 29, 2022, with the benefit of a pre-sentence investigation ("PSI") report, to an aggregate 45 days to 12 months' imprisonment. Appellant did not file post-sentence motions. Appellant timely filed a notice of appeal on September 12, 2022. On September 19, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors; Appellant complied.

Appellant raises one issue for our review:

Did the trial court abuse its discretion by imposing an aggravated sentence based entirely on the injuries sustained, ignoring rehabilitative factors and danger to the community, when multiple mitigating factors were present?

(Appellant's Brief at 5).

Preliminarily, a challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v.***

- 2 -

*Hunter*, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Significantly, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. *Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004).

Instantly, Appellant did not file a post-sentence motion. Although Appellant argues that he preserved his issue at the sentencing hearing (*see* Appellant's Brief at 8), the record belies this claim. Rather, the notes of testimony from the sentencing hearing show that defense counsel argued for a probationary sentence. (*See* N.T. Sentencing, 8/29/22, at 2-3). Defense counsel noted that Appellant had a prior record score of zero, is fully

J-A10023-23

employed, and has five children. (*Id.*) Counsel explained that a probationary sentence was appropriate "given his prior record score, given his family ties[,] … letters in support … [and prior diagnosis of] PTSD … due to the death of his brother." (*Id.* at 3). The Commonwealth noted there were aggravating factors in this case and sought a county sentence of 3 to 24 months (less one day) of imprisonment. (*Id.* at 4-7). The court ultimately imposed less than what the Commonwealth sought, sentencing Appellant to an aggregate 45 days to 12 months' imprisonment.[2] (*Id.* at 9-11).

Following the court's imposition of sentence, defense counsel asked if the court would be "inclined to do a house arrest sentence due to [Appellant] having children[.]" (*Id.* at 11). The court said no. (*Id.*) The sentencing proceeding then concluded with no further argument from Appellant. As such, the record confirms that Appellant did not preserve his sentencing challenge orally following imposition of sentence. *See Griffin, supra*. *See also Commonwealth v. Perzel*, 2023 PA Super 30, ___ A.3d ___, 2023 WL 2252159 (Pa.Super. Feb. 28, 2023) (explaining that purpose of requiring party to object to sentence after it is imposed, is to give trial judge opportunity to reconsider or modify sentence imposed; failure to do so deprives trial court of

---

[2] Specifically, the court imposed concurrent terms of 45 days to 12 months' imprisonment for each count of simple assault and PIC. The harassment conviction merged for sentencing purposes.

this chance).  Therefore, Appellant has waived his sole issue on appeal.[3]

Accordingly, we affirm and strike this case from the argument list.

Judgment of sentence affirmed.  Case stricken from argument list.

_____

[3] Moreover, the trial court explained:

> The sentence I imposed is 15 days longer than the standard range sentence authorized for each of these offenses.  The simple assault convictions were for assaults on two people, Ms. Accoma[n]do and G.B., a minor.  I could have given 15 day minimum sentences on each count and run them consecutively, imposing the same sentence and remaining within the standard range for each sentence, so there is no prejudice to [Appellant] because of the 45 day minimum sentence, even if it is outside of the standard guideline range.  The longer sentence was necessary to recognize the vicious aspect of the assault on Ms. Accomando's vital body parts with the metal pole.  The attack on her front porch and inside her house left her bleeding from a scalp laceration, in shock and with a facial bone fracture.  A lesser sentence was not called for.

(Trial Court Opinion at 3).  We further note that the court had the benefit of a PSI report.  *See Commonwealth v. Fowler*, 893 A.2d 758 (Pa.Super. 2006) (stating where court had benefit of PSI report, we can presume it was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors).  Given our deferential standard of review, we would see no abuse of the court's sentencing discretion here, even if Appellant had properly preserved his claim on appeal.  *See Commonwealth v. Walls*, 592 Pa. 557, 564-65, 926 A.2d 957, 961-62 (2007) (discussing rationale behind broad sentencing discretion afforded to trial courts).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/13/2023*