J-S05029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANTE MALIK PRIGG | : | |
| | : | |
| Appellant | : | No. 617 WDA 2023 |

Appeal from the Judgment of Sentence Entered April 17, 2023
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s):  CP-17-CR-0000835-2019

BEFORE:  PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                                    **FILED: JUNE 21, 2024**

Appellant, Dante Malik Prigg, appeals from the judgment of sentence entered in the Clearfield County Court of Common Pleas, following revocation of his probation.  We affirm.

The relevant facts and procedural history of this case are as follows.  In 2020, Appellant pled guilty to statutory sexual assault, dissemination of explicit sexual material to a minor, and two counts of corruption of minors. The court sentenced Appellant to an aggregate term of nine months to two years' imprisonment, plus two years' probation.  Appellant's parole expired on August 15, 2021.  While on probation, Appellant failed to comply with the terms of his supervision.  Specifically:

> [O]n April 11, 2023, a Violation Report was completed by [Appellant's] Probation Officer, Steven J. Gillespie and Supervisor, Zachary Murone.  According to the report, [Appellant] violated five conditions of his Probation Order:

(1) Failure to comply with all Municipal, County, and State Criminal Laws and report any contact or arrest by any law enforcement agency within 72 hours; (2) Failure to report regularly, in person, to his Probation Officer as directed and obtain the permission to change his residence or leave the jurisdiction of the [c]ourt; (3) Failure to refrain from overt behavior which threatens or presents a clear and present danger to himself or others; (4) Failure to pay to Clearfield County all fines, costs, and supervision fees on a monthly payment plan; and (5) Failure to attend and successfully complete the Project Point of Light Program. On April 17, 2023, a Probation Revocation Hearing was held and an Order was subsequently issued in which this [c]ourt communicated that it was satisfied that the violation occurred and revoked [Appellant's] probation.

(Trial Court Opinion, filed July 6, 2023, at 1).

Following the revocation hearing, the court resentenced Appellant on the statutory sexual assault and dissemination convictions to an aggregate term of one to three years' imprisonment. Appellant timely filed a notice of appeal on May 17, 2023. On May 23, 2023, the court ordered Appellant to file a concise statement of errors complained of on appeal, and Appellant timely complied on June 13, 2023.

Appellant raises one issue for our review:

Did the trial court err and/or otherwise abuse its discretion by basing the sentence, at least in part, on evidence not supported by the record—namely, that appellant "failed to abide by his Megan's Law restrictions by not reporting his whereabouts for a long period of time"?

(Appellant's Brief at 4).

Appellant argues that the court abused its sentencing discretion when it based its revocation sentence, at least in part, on the court's determination

that Appellant "failed to abide by his Megan's Law restrictions by not reporting his whereabouts for a long period of time." (*Id.* at 9). Appellant asserts that this was an impermissible factor for the court to consider at sentencing because Appellant's purported failure to comply with his sex offender reporting requirements predated the beginning of the applicable probation period. Appellant maintains that he was not criminally charged with failure to comply with his registration requirements, and no evidence was presented during the revocation hearing that addressed Appellant's contact with the Pennsylvania State Police for sex offender registration and notification. Appellant insists that his admission to failing to inform his probation officer of his whereabouts does not equate to a failure to comply with sex offender registration requirements. Appellant concludes that the court relied on an impermissible sentencing factor, and this Court must vacate and remand for resentencing. We disagree.

As presented, Appellant's issue implicates the discretionary aspects of sentencing. *See generally Commonwealth v. Simpson*, 829 A.2d 334 (Pa.Super. 2003) (construing claim that court considered impermissible factor at sentencing as challenge to discretionary aspects of sentencing). A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-

part test to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Significantly, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. ***Commonwealth v. Griffin***, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). ***See also*** Pa.R.Crim.P. 708(E) (stating motion to modify sentence imposed after revocation shall be filed within 10 days of date of imposition; filing of motion to modify sentence will not toll 30-day appeal period). "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004).

Instantly, Appellant did not file a written motion to modify his revocation sentence within 10 days of sentencing. ***See*** Pa.R.Crim.P. 708(E);[1]

---

[1] We note that the prosecutor expressly informed Appellant of his right to file a motion to modify his sentence within 10 days at the revocation hearing. *(Footnote Continued Next Page)*

Additionally, the record confirms that Appellant did not preserve his sentencing challenge orally at the revocation hearing following imposition of sentence. *Griffin, supra*. Specifically, Appellant admitted to the alleged probation violations at the revocation hearing. Nevertheless, defense counsel argued that the court could not consider any conduct alleged in the violation report that predated the period of supervision at issue. (*See* N.T. Revocation Hearing at 3). Appellant also did not dispute that he incurred new charges in Blair County and in Chester County while on probation. (*See id.*) Counsel identified mitigating factors for the court's consideration, and counsel urged the court to impose a county sentence. (*Id.* at 4-5). When the court asked defense counsel "why can't I use all these things that [Appellant] did throughout 2021—[,]" counsel responded, "Effectively, the sentence listed here for the probation period is August of 2021." (*Id.* at 5-6). The court responded, "[o]kay." (*Id.*) The court then revoked probation and resentenced Appellant. (*Id.* at 7).

In support of its sentence, the court stated:

> The [c]ourt has imposed the above sentence as the [c]ourt is satisfied that [Appellant] is not amendable to county probation; that [Appellant] failed to abide by his Megan's Law restrictions by not reporting his whereabouts for a long period of time; and [Appellant] incurred new charges while on probation, which included felonies[.]

---

(*See* N.T. Revocation Hearing, 4/17/23, at 2). The prosecutor also expressly stated that any issues not properly preserved during the resentencing proceedings may be deemed waived on appeal. (*See id.*)

(*Id.* at 8-9). Although the court indicated that it had considered Appellant's failure to abide by his sex offender reporting requirements, Appellant did not object to this statement by the court following the court's imposition of sentence. (*Id.* at 9). Therefore, Appellant failed to properly preserve his sentencing challenge orally at the revocation hearing. *See Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*) (holding failure to preserve challenge to discretionary aspects of revocation sentence in post-sentence motion or resentencing proceeding constituted waiver on appeal); *Commonwealth v. Perzel*, 291 A.3d 38 (Pa.Super. 2023), *appeal denied*, ____ Pa. ____, 301 A.3d 426 (2023) (explaining that purpose of requiring party **to object to sentence after it is imposed**, is to give trial judge opportunity to reconsider or modify sentence imposed; failure to do so deprives trial court of this chance). Further, Appellant's inclusion of this issue in his Rule 1925(b) statement cannot cure Appellant's failure to properly preserve his claim. *See McAfee, supra*. Accordingly, Appellant's sole issue on appeal is waived, and we affirm.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/21/2024