J-S44028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAROLD BAUZA | : | |
| | : | |
| Appellant | : | No. 1950 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 16, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000908-2022

BEFORE: NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:         **FILED DECEMBER 19, 2024**

Harold Bauza (Appellant) appeals from the judgment of sentence imposed following his guilty plea to possession with intent to deliver a controlled substance (PWID), and person not to possess firearms.[1] Appellant's counsel (Counsel) has filed in this Court a petition to withdraw as counsel and an accompanying brief in accordance with ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 249 (Pa. 2009). We grant Counsel's petition to withdraw and affirm the judgment of sentence.

During Appellant's guilty plea hearing, the Commonwealth offered the following factual summary:

On December 2nd of 2021, agents with the Bureau of Narcotics Investigation of the Attorney General's Office executed a search warrant at [Appellant's] residence, which is located at 43

_____

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 6105(a)(1).

South 14th Street, first floor, in Allentown. This search warrant was [issued] pursuant to an ongoing investigation into [Appellant's] drug-trafficking activities.

Found inside the residence were approximately 385 grams of cocaine, over 2,000 grams of marijuana, $4,450 in cash[,] and a loaded .380 Ruger handgun. The search warrant in that investigation led the police to a second location, which was 35 North 10th Street, apartment 4A. [Appellant] was present during the execution of the first search warrant and was cooperative in assisting the agents to get into the second location.

At [the second] location, over 30,000 bags of packaged fentanyl, 477.5 grams of bulk fentanyl, 156 grams of crystal methamphetamine, additional crack cocaine, marijuana, and an AK-47 rifle were located. [Appellant] took ownership of these items.

N.T. (Guilty Plea), 12/14/22, at 8-9.

On December 14, 2022, Appellant pled guilty to one count each of PWID and person not to possess firearms. In exchange, the parties agreed the minimum sentence for PWID would not exceed 6 years, and the minimum sentence for person not to possess firearms would not exceed 5 years. *Id.* at 5-6. The trial court deferred sentencing and ordered preparation of a presentence investigation report (PSI).

On February 16, 2023, the trial court sentenced Appellant to 6 to 15 years' imprisonment for PWID, and a consecutive prison term of 5 to 10 years for person not to possess firearms.

Appellant filed an untimely motion for reconsideration of his sentence on March 6, 2023.[2]  Shortly thereafter, the trial court denied Appellant's motion for reconsideration without addressing the motion's untimeliness.

On February 27, 2024, Appellant filed a timely, *pro se* petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant claimed he asked his trial counsel to file a direct appeal on his behalf; trial counsel assured him counsel was preparing an appeal; and trial counsel abandoned Appellant by failing to file a direct appeal.  The PCRA court appointed Appellant counsel, who filed an amended PCRA petition seeking reinstatement of Appellant's direct appeal rights.  The Commonwealth filed an answer.  Following a hearing, the PCRA court granted Appellant's PCRA petition and permitted Appellant to file a *nunc pro tunc* appeal.

On July 24, 2024, Appellant filed the instant *nunc pro tunc* appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.  On October 7, 2024, Counsel filed in this Court a petition to withdraw from representation and an ***Anders*** brief.  Appellant did not retain separate counsel or file a response raising additional issues.

_____

[2] Appellant's post-sentence motion was due on or before Monday, February 27, 2023.  ***See*** Pa.R.Crim.P. 720(a)(1) (providing that a post-sentence motion must be filed within 10 days after imposition of sentence); 1 Pa.C.S.A. § 1908 (stating that, whenever the last of any period of time referred to in a statute falls on a Saturday or Sunday, "such day shall be omitted from the computation").

We address Counsel's petition to withdraw before considering the issues raised in the **Anders** brief. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." (citation omitted)). Counsel seeking to withdraw from representation must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to **Santiago**, counsel must also

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** (citing **Santiago**, 978 A.2d at 361). Once counsel has complied with the procedural requirements, we review the record and render an independent judgment as to whether the appeal is wholly frivolous. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel filed an **Anders** brief and a separate petition to withdraw from representation. In his petition, Counsel detailed the extent of

his review of the record and concluded Appellant's appeal is frivolous. *See* Petition to Withdraw as Counsel, 10/7/24. Additionally, Counsel sent a letter to Appellant that informed him of Counsel's intention to withdraw, and advised Appellant of his right to retain new counsel or proceed *pro se* to raise additional claims. The record reflects that Counsel furnished Appellant with copies of the petition to withdraw and the ***Anders*** brief. The ***Anders*** brief summarizes the factual and procedural history of this appeal, identifies the sentencing issue Appellant wishes to raise, and explains Counsel's reasons for concluding that the appeal is wholly frivolous. As Counsel has satisfied the procedural requirements of ***Anders*** and ***Santiago***, we review the record to determine whether Appellant's appeal is wholly frivolous.

Appellant challenges the discretionary aspects of his sentence,[3] from which there is no automatic right to appeal. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010). Instead, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at

---

[3] Because the parties did not bargain for a specific sentence when negotiating Appellant's guilty plea, Appellant was not precluded from challenging the discretionary aspects of his sentence on direct appeal. ***See Commonwealth v. Heaster***, 171 A.3d 268, 271 (Pa. Super. 2017) (concluding that appellant could challenge the discretionary aspects of his sentence after entering a "hybrid" guilty plea, *i.e.*, a plea that negotiated a *particular aspect* of the sentence, but did not include a sentencing agreement).

sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Appellant filed a timely notice of appeal. However, while Appellant raised a sentencing claim in his post-sentence motion, his motion was untimely filed. It is well settled that "[a]n untimely post-sentence motion does not preserve issues for appeal." *Commonwealth v. Wrecks*, 931 A.2d 717, 719 (Pa. Super. 2007). The record reflects Appellant completed a written post-sentence colloquy, which properly informed him that a post-sentence motion must be filed within 10 days after the imposition of sentence. *See* Written Post-Sentence Colloquy, 2/16/23. Further, our review of the sentencing hearing transcripts reveals Appellant did not raise his discretionary sentencing claim on the record at the time of sentencing. *See Commonwealth v. Perzel*, 291 A.3d 38, 48 n.7 (Pa. Super. 2023) (explaining that a discretionary sentencing challenge must be preserved "on the record at the sentencing proceeding after the sentence is imposed or by filing a timely post-sentence motion.").

Moreover, our review confirms that Appellant did not request the trial court to consider his post-sentence motion *nunc pro tunc*, nor did the trial court expressly permit the filing of a *nunc pro tunc* post-sentence motion.

*See Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (explaining that a *nunc pro tunc* post-sentence motion tolls the appeal period only if 1) the defendant, within 30 days after imposition of sentence, requests the trial court to consider a post-sentence motion, *nunc pro tunc*; and 2) the trial court, also within 30 days after imposing sentence, expressly permits the filing of a post-sentence motion, *nunc pro tunc*).  Further, "the trial court's resolution of the merits of [a] late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief."  *Id.* (citation and brackets omitted).  Accordingly, Appellant's discretionary sentencing claim is waived, and Appellant presents no argument that would overcome this waiver.  Under *Anders*, "[a]n issue that is waived is frivolous."  *Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016).[4]

---

[4] Counsel concluded Appellant's sentencing challenge is frivolous after reviewing the merits of his claim.  Similarly, the trial court rejected Appellant's claims on the merits.  *See* Order, 3/14/23; *see also* Rule 1925(a) Opinion, 8/23/24 (indicating the court's reliance on the reasoning set forth in its March 14, 2023, order denying Appellant's post-sentence motion).  We may affirm the trial court's decision on any basis that is supported by the record.  *See Commonwealth v. Arcelay*, 190 A.3d 609, 614 (Pa. Super. 2018).

Moreover, even if we could consider the merits of Appellant's discretionary sentencing claim, we would affirm based on the reasoning set forth by the trial court.  *See* Order, 3/14/23, at n.1.  Significantly, Appellant bargained for and received sentences within the standard range of the Sentencing Guidelines.  *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania views the sentence as appropriate under the Sentencing Code.").  Additionally, the trial court was informed by a PSI, and therefore, we presume the court was aware of all relevant sentencing factors. *See id.*

Further, our independent review of the record discloses no non-frivolous issues Appellant could raise on appeal. Accordingly, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2024