J-A21024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AJANI MUNSH-OUSHA UHURU | : | |
| | : | |
| Appellant | : | No. 1621 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 31, 2024
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000905-2022

BEFORE:  PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                **FILED SEPTEMBER 16, 2025**

Ajani Munsh-Ousha Uhuru ("Uhuru") appeals from the judgment of sentence imposed following his convictions for voluntary manslaughter[1] and related offenses.  After careful review, we affirm.

By way of background, on May 19, 2022, Uhuru shot and killed Kareem Jakes ("Jakes") at a convenience store in Sunbury, Pennsylvania.  Store surveillance video captured the encounter.  The footage showed Jakes inside the store when Uhuru entered.  After Jakes briefly exited and re-entered, the two men exchanged words.  Jakes punched Uhuru, who then fired two gunshots into Jakes's upper chest, killing him.  Uhuru fled the scene by car.

---

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. § 2503(a)(1).

The next day, police obtained an arrest warrant for Uhuru. Three days later, law enforcement located Uhuru in Philadelphia, where he had barricaded himself in an apartment. Fugitive task force officers entered the premises in tactical gear and ordered Uhuru to come out. After approximately twenty minutes, Uhuru surrendered inside the apartment. During their entry, officers observed firearms. As they took Uhuru into custody in handcuffs, Uhuru stated, "[C]an you get my gun out of the apartment? It's registered in my name. It's the gun I used to kill that guy. I need it for evidence." N.T. (Motion to Suppress Hearing), 7/11/23, at 12-13.

Police charged Uhuru with criminal homicide,[2] voluntary manslaughter, aggravated assault, simple assault, possession of an instrument of crime ("PIC"), and recklessly endangering another person.[3]

Uhuru filed a motion to suppress his custodial statement on the grounds that police had not advised him of his *Miranda*[4] rights. The trial court conducted a two-day suppression hearing. The Commonwealth presented Special Agent James Owens ("Agent Owens"), a member of the fugitive task force who participated in Uhuru's arrest. Agent Owens described the circumstances of the arrest, including Uhuru's statement. Agent Owens

---

[2] *See* 18 Pa.C.S.A. § 2501(a).

[3] *See* 18 Pa.C.S.A. §§ 2702(a)(1), (4), 2701(a)(1), 907, 2705.

[4] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

testified that Uhuru's statement was spontaneous and was not the result of any questioning. *See* N.T., 7/11/23, at 12-13. Uhuru did not present any evidence or testimony on his own behalf.

At the conclusion of the hearing, Uhuru argued that he was in custody when he made the statement, which required the police to provide him with *Miranda* warnings. *See* N.T. (Motion to Suppress Hearing), 10/2/23, at 13. The Commonwealth argued that Uhuru's statement was spontaneous and that the police did not subject him to custodial interrogation. *See id*. at 14. Thereafter, the trial court entered an order denying the motion, concluding that the statement was a spontaneous utterance and not the product of custodial interrogation.

The case proceeded to a jury trial in May 2024. The Commonwealth's evidence included the testimony from Officer Francis Meyers ("Officer Meyers"), a member of the fugitive task force who participated in Uhuru's arrest. Officer Meyers recounted Uhuru's statement.

> The jury [also] heard testimony from eyewitnesses and saw the surveillance video of the incident. [Uhuru testified on his own behalf and] argued self-defense. Testimony was presented that Jakes made some comments to Uhuru in the store about wanting to fight. Evidence was presented as to . . . Jakes' criminal history and his nickname of "Trouble[."] In addition to standard jury instructions, a self-defense/justification instruction was given to the jury.
>
> [T]he jury found Uhuru not guilty of murder of the first degree and murder of the third degree. Uhuru was found guilty by [the] jury of voluntary manslaughter, aggravated assault causing serious bodily injury, aggravated assault causing bodily

injury with [a] deadly weapon, simple assault, [PIC], and recklessly endangering another person.

Trial Court Memorandum Opinion, 3/20/25, at 2.[5]

Following preparation of a presentence investigation ("PSI") report, the trial court sentenced Uhuru on May 31, 2024, to an aggregate term of seven to fifteen years' imprisonment. The sentence consisted of six to twelve years for voluntary manslaughter and a consecutive term of one to three years for aggravated assault causing bodily injury with a deadly a weapon, with concurrent time on PIC. The remaining offenses merged.

Uhuru filed a timely post-sentence motion raising two claims: (1) that the aggravated assault causing bodily injury with a deadly weapon conviction merged with the voluntary manslaughter conviction for sentencing purposes; and (2) that the jury's verdict was against the weight of the evidence in light of his self-defense claim. The trial court held a hearing, at which Uhuru argued the same claims raised in his post-sentence motion. On October 3, 2024, the trial court denied the post-sentence motion.

Uhuru filed a timely notice of appeal and subsequently a court-ordered Pa.R.A.P. 1925 statement of errors complained of on appeal.[6]

_____

[5] For ease of review, when quoting the trial court's opinion, we have changed the trial court's references to the "Appellant" and "appellant" to "Uhuru."

[6] We note that Uhuru's counsel filed the Rule 1925(b) statement beyond the deadline set by the trial court, and failed to properly serve the trial court, as required in the Rule 1925(b) order. Nevertheless, we decline to find waiver. *(Footnote Continued Next Page)*

Uhuru presents six issues for our review:

1. The [trial court] failed to adequately weigh the standards set forth in the Pennsylvania Rules of Criminal Procedure and/or articulate reason(s) for denying the motion[] to suppress evidence in this case. . .

2. The [trial court] judgment was against the weight and/or sufficiency of the evidence as to proof of the legal element(s) of the crime of voluntary manslaughter necessary for a conviction under 18 Pa.C.S.A § 2503(a)(1) in this case. . . .

3. The [trial court] judgment was against the weight and/or sufficiency of the evidence as to proof of the legal element(s) of the crime of aggravated assault necessary for a conviction under 18 Pa.C.S.A § 2702(a)(4) in this case. . . .

4. The [trial court] judgment was against the weight and/or sufficiency of the evidence as to proof of the legal element(s) of the crime of [PIC] necessary for a conviction under 18 Pa.C.S.A § 907(a) in this case. . . .

5. The [trial court] failed to adequately weigh the standards set forth in 42 Pa.C.S.A §§ 9721 & 9765 when imposing an excessive aggregate sentence of seven . . . to fifteen . . .year(s) state imprisonment for guilty verdict(s) to the aforesaid charge(s) in this case. . . .

6. The [trial court] failed to adequately weigh the standards set forth in the Pennsylvania Rules of Criminal Procedure and/or

_____

*See* Pa.R.A.P. 1925(b)(4)(vii) ("providing that "[i]ssues . . . not raised in accordance with the provisions of this paragraph (b)(4) are waived"). An attorney's untimely filing of a court-ordered Rule 1925(b) statement constitutes *per se* ineffectiveness because it lacks any reasonable basis designed to advance the client's interests and would result in waiver of all issues on appeal. *See Commonwealth v. Burton*, 973 A.2d 428, 432-33 (Pa. Super. 2009) (*en banc*). This Court has held that in such instances, the defendant is entitled to prompt relief, and we "may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues." *Id*. at 433. Here, the trial court has filed an opinion addressing the issues raised in Uhuru's Rule 1925(b) statement. Accordingly, we will overlook the untimeliness.

articulate reason(s) for denying the post-sentence motion[] in this case. . . .

Uhuru's Brief at 7-9 (unnecessary capitalization omitted).

In Uhuru's first issue, he argues that the trial court erred in denying the motion to suppress his statement, which he made while in custody without receiving **Miranda** warnings. When reviewing the denial of a suppression motion,

> Our review is limited to determining whether the record supports the findings of fact of the suppression court and whether the legal conclusions drawn from those findings are correct. When it is the defendant who appeals an adverse suppression ruling, we may consider only the evidence presented for the Commonwealth and that of the defense which remains uncontradicted when fairly read in the context of the entire record. We are bound by the factual findings of the suppression court, which are supported by the record, but we are not bound by the suppression court's legal rulings, which we review *de novo*.

**Commonwealth v. Garvin**, 50 A.3d 694, 697 (Pa. Super. 2012) (citations omitted). "[I]t is the sole province of the suppression court to weigh the credibility of the witnesses. Further, the suppression court judge is entitled to believe all, part or none of the evidence presented." **Commonwealth v. Heidelberg**, 267 A.3d 492, 499 (Pa. Super. 2021) (*en banc*) (citation omitted).

The Fifth Amendment protects individuals from compelled self-incrimination. **See Miranda**, 384 U.S. at 461. However,

> we note that not every statement made by an individual during a police encounter constitutes an interrogation. **Miranda** rights are required only prior to a custodial interrogation. Custodial interrogation is questioning initiated by law enforcement officers

- 6 -

after a person has been taken into custody or otherwise deprived of [his] freedom of action in any significant way. Furthermore, volunteered or spontaneous utterances by an individual are admissible without the administration of *Miranda* warnings. When a defendant gives a statement without police interrogation, we consider the statement to be 'volunteered' and not subject to suppression . . .. Interrogation is police conduct calculated to, expected to, or likely to evoke admission.

[O]ur Supreme Court [has] stated . . . that a statement made in a custodial setting would not be suppressed where the suspect "spontaneously 'blurts out' the statement[."]

*Garvin*, 50 A.3d at 698 (citations and some quotation marks omitted).

Uhuru argues that the trial court erred when it denied his motion to suppress the statement he made as officers escorted him from the Philadelphia apartment. Uhuru contends that he was indisputably in custody, and that law enforcement's repeated commands for him to surrender, including "tell[ing] him that SWAT was on their way[,]" amounted to the functional equivalent of custodial interrogation. Uhuru's Brief at 16. Uhuru characterizes his statement as a testimonial response obtained without *Miranda* warnings. Uhuru maintains that the trial court's conclusion that the statement was spontaneous ignored the coercive context of the arrest and failed to "adequately weigh the standards set forth in the Pennsylvania Rules of Criminal Procedure" or provide sufficient legal reasoning. *Id*. at 18. Uhuru asserts that admitting the statement as a "confession" constitutes reversible error. *Id*. at 13, 16, 18.

The trial court rejected Uhuru's claim, concluding that, "regardless of custodial status, Uhuru's statement was a spontaneous utterance outside of

any interrogation." Trial Court Opinion, 3/20/25, at 4; *see also* Order, 1/16/24.

Upon review, we discern no error in the trial court's ruling. The record supports the trial court's finding that Uhuru's statement was not the product of custodial interrogation. **See Garvin**, 50 A.3d at 698. Agent Owens testified that he did not ask Uhuru any questions before he made the statement and that Uhuru made the statement as he was leaving the apartment in handcuffs. The trial court was free to credit this testimony. **See Heidelberg**, 267 A.3d at 499. Under these circumstances, the trial court properly characterized Uhuru's statement as spontaneous and not the product of custodial interrogation. **See Garvin**, 50 A.3d at 698. Accordingly, we find no abuse of discretion or error of law in the trial court's denial of the motion to suppress. Thus, Uhuru's first claim is without merit.

In his next three issues, Uhuru argues that the jury's verdict was against the weight and sufficiency of the evidence for his convictions for voluntary manslaughter, aggravated assault causing bodily injury with a deadly weapon, and PIC. Uhuru's total discussion, combining his arguments for weight and sufficiency of the evidence, spans less than one and a half pages.[7] **See** Uhuru's Brief at 19-20.

---

[7] We observe that within this section, Uhuru includes an additional argument challenging the trial court's denial of his post-sentence motion. Although we address that contention separately, we note that combining distinct
*(Footnote Continued Next Page)*

Pennsylvania Rule of Appellate Procedure 2119(a) requires an argument to set forth "the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). This Court may find waiver for an appellant's "failure to develop a meaningful argument with citation to relevant, legal authority on this claim in his appellate brief." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020).

Additionally, the Pennsylvania Supreme Court has addressed the "critical" distinction between a challenge to the sufficiency of the evidence and a challenge to the weight of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "A motion . . . that the verdict is contrary to the weight of the evidence[] concedes that there is sufficient evidence to sustain the verdict." *Id*. It is well-settled that credibility determinations "go to the weight, not the sufficiency of the evidence." *Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa. Super. 2012).

On appeal, Uhuru states, "The verdict was against the weight and/or sufficiency of the evidence as to proof of the legal element(s) of the crime[s]" of voluntary manslaughter, aggravated assault causing bodily injury with a deadly weapon, and PIC." Uhuru's Brief at 19. He then avers that he "raised the issue of self-defense at trial based on evidence that [Jakes] was the initial

---

arguments into a single, abbreviated discussion risks waiver under Pa.R.A.P. 2119. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (explaining that undeveloped claims may be deemed waived).

aggressor[,] and also had a violent criminal history which should have resulted in an acquittal even though this evidence was considered in light of the self-defense instruction given to the jury for deliberation of the verdict." **Id**. (emphasis omitted).

We emphasize that Uhuru provides no discussion of the record, legal standards, or relevant law. **See id**. He offers no further argument or analysis as to any element of any offense, nor of a self-defense claim. **See id**. We conclude Uhuru fails to properly develop his claims. **See** Pa.R.A.P. 2119(a); **see also Martz**, 232 A.3d at 811. Thus, he has waived any weight of the evidence and sufficiency claims.

Moreover, even if Uhuru had preserved a weight of the evidence challenge, we would determine no relief was due. This Court's standard of review of a weight of the evidence claim is limited:

> A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice. On review, an appellate court does not substitute its judgment for the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather, determines only whether the trial court abused its discretion in making its determination.

**Commonwealth v. Lyons**, 79 A.3d 1053, 1067 (Pa. 2013) (citations omitted). The fact finder is free to believe all, some, or none of the evidence presented, and "to resolve any inconsistencies or discrepancies in the testimony in either party's favor." **Commonwealth v. Jacoby**, 170 A.3d

- 10 -

1065, 1078 (Pa. 2017) (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Commonwealth v. Beatty*, 227 A.3d 1277, 1286 (Pa. Super. 2020) (citation omitted).

This Court

> will not find an abuse of discretion based on a mere error of judgment, but rather . . . where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Importantly, [this C]ourt should not find that a trial court abused its discretion merely because [we] disagree[] with the trial court's conclusion. Indeed, "when reviewing the trial court's exercise of discretion, it is improper for [this C]ourt to step[] into the shoes of the trial judge and review the evidence *de novo*. In other words, [this C]ourt may not disturb a trial court's discretionary ruling by substituting its own judgment for that of the trial court.

*Commonwealth v. Gill*, 206 A.3d 459, 467 (Pa. 2019) (citations and quotation marks omitted).

The Crimes Code defines voluntary manslaughter as an unjustified killing committed while the perpetrator was acting under a sudden and intense passion resulting from serious provocation by the victim. *See* 18 Pa.C.S.A. § 2503(a)(1). "A person is guilty of aggravated assault if he . . . attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa.C.S.A. § 2702(a)(4). "A person [is guilty of PIC] if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a).

- 11 -

The use of force in self-defense is justifiable "when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. § 505(a). Deadly force may not be used unless the actor believes such force is necessary to protect against death, serious bodily injury, kidnapping, or sexual intercourse compelled by force or threat. *See* 18 Pa.C.S.A. § 505(b)(2).

In its opinion, the trial court reasoned:

> Uhuru shot Jakes as Jakes was about to punch [him]. The defense argued self-defense and a jury instruction on justification was given to the jury. The jury was able to consider whether the killing was in self-defense/justified. The jury obviously did not find that the killing was justified. There were facts that support provocation. Jakes asked Uhuru if he wanted "smoke" and/or if he wanted to [fight]. Jakes threw a punch at Uhuru after what appears in the video to be a verbal dispute. Uhuru shot and killed Jakes as Jakes was trying to punch [him]. These facts support the crime of voluntary manslaughter[, aggravated assault with a deadly weapon, and PIC]. . . .
>
> * * * *
>
> The verdict was not . . . inconsistent [nor] contrary to the weight of the evidence. The jury saw the surveillance video of the incident. The jury was instructed on self-defense/justification. Uhuru presented evidence of [Jake's] violent propensities. Uhuru argues that the jury disregarded facts that were uncontradicted. There is no evidence that the jury disregarded said evidence or instructions. The jury is the sole judge of credibility and what weight to give any evidence presented. The verdict does not shock one's sense of justice.

Trial Court Opinion, 3/20/25, at 5, 8-9.

We conclude that the trial court did not abuse its discretion in determining that the jury's verdict did not shock one's sense of justice. **See Lyons**, 79 A.3d at 1067. The trial court, having the opportunity to observe the witnesses and evaluate their credibility, concluded that the evidence, including surveillance footage showing Jakes throw a punch at Uhuru, eyewitness testimony, and Uhuru's own admissions regarding the shooting and possession of the firearm, did not support overturning the jury's verdict. **See Jacoby**, 170 A.3d at 1078. Uhuru's one-page discussion, which merely recites his trial theory of self-defense without reference to the record or legal authority, fails to meaningfully challenge the trial court's exercise of discretion. Accordingly, even if preserved, Uhuru's weight-of-the-evidence claims would not merit relief.

In his fifth issue, Uhuru argues that the trial court erred by imposing an excessive sentence, which is a challenge to the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing are not reviewable as of right. **See Commonwealth v. Carr**, 262 A.3d 561, 567 (Pa. Super. 2021). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (some citations omitted and brackets in original). A defendant's failure to raise a discretionary aspects of sentence claim at sentencing or in a post-sentence motion constitutes waiver of the issue for appeal. ***See Commonwealth v. Perzel***, 291 A.3d 38, 47 (Pa. Super. 2023).

Instantly, the record reveals that Uhuru did not challenge the discretionary aspects of his sentence at the sentencing hearing. Additionally, Uhuru's post-sentence motion did not raise a claim challenging the length of the aggregate sentence; it raised only the issue of merger of convictions. Since Uhuru did not preserve an excessive sentence claim below, he has improperly raised it for the first time on appeal. ***See Perzel***, 291 A.3d at 47; ***see also Moury***, 992 A.2d at 170. Accordingly, we find that Uhuru has waived his discretionary aspects of sentencing claim.

In any event, even if Uhuru had preserved a discretionary aspects of sentencing claim in the trial court, he would not be entitled to relief. First, on appeal, his sole argument is: "[the trial court's] reasons set forth in the post-sentence motion(s) for using the 'deadly weapon' enhancement to merge the legal element(s) of the crime of voluntary manslaughter necessary for a conviction under 18 Pa.C.S.A § 2503(a)(1) with the legal element(s) of the crime of aggravated assault necessary for a conviction under 18 Pa.C.S.A § 2702(a)(4) . . . constitutes reversible legal error warranting a resentencing in this case." Uhuru's Brief at 22. We conclude that Uhuru presents only a

generalized assertion, without meaningful discussion of the sentencing court's exercise of discretion or the application of the deadly weapon enhancement. His failure to develop a factually and legally supported claim renders the issue waived. **See** Pa.R.A.P. 2119(a); **see also Johnson**, 985 A.2d at 924.

Additionally, the Commonwealth objects to the sufficiency of the Rule 2119(f) statement in Uhuru's brief. **See** Commonwealth's Brief at 15. We would agree. Uhuru's Rule 2119(f) statement states in sum that the trial court "failed to adequately weigh the standards set forth in 42 Pa.C.S.A. §§ 9721 [and] 9765 when imposing an excessive aggregate sentence of seven . . . to fifteen . . . year[s'] state imprisonment[.]" Uhuru's Brief at 14. Uhuru provides no discussion of the sentencing factors in Section 9721(b), nor does he develop any argument that the trial court misapplied Section 9765 regarding merger. Such a bald assertion fails to raise a substantial question for our review. **See Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (explaining that a substantial question exists only where the appellant articulates a colorable argument that the sentence is inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process).

Finally, were we to reach the merits of Uhuru's discretionary aspects of sentencing claim, we would conclude no relief is warranted. It is clear the trial court had the benefit of a PSI report. **See** N.T. (Sentencing Hearing), 5/31/24, at 2; **see also** Trial Court Opinion, 3/20/25, at 7-8. Where the sentencing

court had the benefit of PSI report, this Court assumes the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with other pertinent statutory factors. *See Moury*, 992 A.2d at 171. Therefore, even if Uhuru had preserved his sentencing claim, we would conclude that the trial court did not abuse its discretion by imposing an aggregate sentence of seven to fifteen years' imprisonment. Thus, Uhuru's challenge to the discretionary aspects of his sentence would not merit relief.

In his sixth issue, Uhuru argues that the trial court erred by denying his post-sentence motion. His entire argument consists of one sentence summarizing that the trial court erred in denying his post-sentence motion challenging the weight and sufficiency of the evidence regarding self-defense, failed to properly apply the Pennsylvania Rules of Criminal Procedure and did not provide adequate legal reasoning for its decision, and this alleged error warrants dismissal of all charges. *See* Uhuru's Brief at 20.

We determine Uhuru has waived this issue for failure to present a developed argument with citation to the record and discussion of relevant law. *See* Pa.R.A.P. 2119(a). Moreover, even if not waived, the record reflects that the trial court conducted a hearing and considered Uhuru's arguments in denying the post-sentence motion. *See* Trial Court Opinion, 3/20/25, at 5-6, 8-9. The record supports the trial court's denial of Uhuru's post-sentence motion, which did not constitute an abuse of discretion.

Finally, we note that within Uhuru's sentencing issue, he makes a sole reference to sentencing merger:

> The failure of the [trial court] to adequately weigh the standards set forth in 42 Pa.C.S.A §§ 9721 & 9765 and/or provide adequate legal reason[s] for imposing an excessive aggregate sentence of seven . . . to fifteen . . . year[s] state imprisonment for guilty verdict[s] to the aforesaid charge[s] based on the reasons set forth in the post-sentence motion[s] for using the "deadly weapon" enhancement to **merge** the legal element[s] of the crime of voluntary manslaughter necessary for a conviction under 18 Pa.C.S.A § 2503(a)(1) with the legal element[s] of the crime of aggravated assault necessary for a conviction under 18 Pa.C.S.A § 2702(a)(4) which constitutes reversible legal error warranting a resentencing in this case.

Uhuru's Brief at 22 (unnecessary capitalization omitted and emphasis added).

Preliminarily, we observe our difficulty in parsing the above rambling sentence fragment. Nevertheless, to the extent Uhuru purports to raise a sentencing merger claim, such an issue goes to the legality of a sentence and is non-waivable. *See Commonwealth v. Edwards*, 256 A.3d 1130, 1136 (Pa. 2021); *see also Commonwealth v. Watson*, 228 A.3d 928, 941 (Pa. Super. 2020) (stating that this Court may *sua sponte* address the question of whether crimes merge for sentencing purposes implicates the legality of the sentence). Thus, we will address it.

Crimes merge for sentencing if two requirements are satisfied: first, "the crimes arise from a single criminal act," and second, "all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765. Analysis of the second requirement "begins

and ends with the statutory elements of each offense." *Commonwealth v. Edwards*, 256 A.3d 1130, 1137 (Pa. 2021).

We determine that Uhuru's aggravated assault conviction under 18 Pa.C.S.A. § 2702(a)(4) does not merge with voluntary manslaughter under 18 Pa.C.S.A. § 2503(a)(1) because each offense contains an element the other does not. *See* 42 Pa.C.S.A. § 9765. Voluntary manslaughter requires proof of a killing, whereas aggravated assault causing bodily injury with a deadly weapon requires proof of serious bodily injury or an attempt to cause such injury with a deadly weapon. *See Edwards*, 256 A.3d at 1137.

Further, application of the deadly weapon enhancement under the Sentencing Guidelines is a distinct consideration from merger and does not render Uhuru's aggregate sentence of seven to fifteen years' imprisonment excessive or illegal. The enhancement is not an element of the underlying offense but rather a sentencing factor that permits the court to increase the guideline range when a defendant uses or possesses a deadly weapon during the commission of the crime. *See Commonwealth v. Shull*, 148 A.3d 820, 831 (Pa. Super. 2016). Accordingly, we affirm Uhuru's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/16/2025