2026 PA super 67

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEVIN LEE STEAGER | : | |
| | : | |
| Appellant | : | No. 1103 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 18, 2024
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0005125-2018

BEFORE:  PANELLA, P.J.E., KING, J., and LANE, J.

OPINION BY PANELLA, P.J.E.:                    **FILED: APRIL 7, 2026**

Kevin Lee Steager appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County after he pled guilty to involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault of a child, aggravated indecent assault of a complainant less than 16 years of age, indecent assault, unlawful contact with a minor, and corruption of minors.[1] Additionally, appellate counsel seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Steager's judgment of sentence and grant counsel's petition to withdraw.

---

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 3125(b), 3125(a)(8), 3126(a)(8), 6318(a)(1), and 6301(a)(1), respectively.

We glean the following from the certified record. Steager sexually abused his biological daughter ("Victim") over a 5-year period when she was approximately 12 to 17 years old. On June 12, 2023, following an oral and written colloquy, Steager entered a counseled[2] guilty plea to the above offenses in exchange for the imposition of a minimum standard-range guideline sentence between 48 and 66 months' incarceration on the count of IDSI with all other sentences of incarceration to be served concurrently. ***See*** Plea Negotiation, 6/12/23; N.T. Guilty Plea, 6/12/23, at 2-3.[3] The parties also agreed that the court retained the discretion to impose consecutive sentences of probation. ***See*** N.T. Guilty Plea, 6/12/23, at 3. During his plea colloquy, Steager acknowledged that due to the nature of the offenses to which he was pleading guilty, he would be required to comply with the Sexual Offender Registration and Notification Act ("SORNA"),[4] under which he would be a lifetime registrant. ***See id.*** at 6-7. The court accepted Steager's plea and deferred sentencing pending the completion of a report by the Sexual Offender's Assessment Board ("SOAB").

_____

[2] Steager was represented by Elizabeth K. H. Pasqualini, Esq. ("plea counsel").

[3] The mandatory minimum sentencing provision set forth in 42 Pa.C.S.A. § 9718(a)(1) was inapplicable to Steager's IDSI conviction because the underlying criminal conduct occurred between January 2009 and December 2014, during which section 9718(a)(1) was deemed unconstitutional following ***Alleyne v. United States***, 570 U.S. 99 (2013), and ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016).

[4] 42 Pa.C.S.A. §§ 9791-9799.42.

On January 18, 2024, the court imposed an aggregate sentence of 4½ to 9 years of incarceration and 4 years of probation. Following an SVP hearing on July 24, 2025, the court entered an order classifying Steager as an SVP pursuant to 42 Pa.C.S.A. § 9795.3. Steager did not file a post-sentence motion, and on August 4, 2025, the court permitted plea counsel to withdraw from representation.

On August 12, 2025, Spencer H.C. Bradley, Esq. ("counsel") entered his appearance on Steager's behalf and filed a notice of appeal. On August 19, 2025, the court ordered Steager to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On September 8, 2025, counsel filed a notice of his intention to withdraw from representation pursuant to PA.R.A.P. 1925(c)(4). On September 12, 2025, the trial court filed a statement in lieu of filing an opinion pursuant to Pa.R.A.P. 1925(a). Steager has not filed a response.

Prior to reviewing the merits of Steager's appeal, we must first determine whether counsel has complied with the requirements set forth in *Anders* and its progeny.

> To withdraw [from representation] pursuant to *Anders*, counsel must:
>
>> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the *Anders* brief to the appellant; and 3) advise the appellant that he or she has the right to retain private counsel or raise additional arguments that the appellant deems worthy of the court's attention.

- 3 -

With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights.

Further, an **Anders** brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

If counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Gabra**, 336 A.3d 1052, 1056 (Pa. Super. 2025) (brackets and citation omitted).

Counsel has substantially complied with the preliminary requirements set forth in **Anders** and its progeny. Counsel filed a petition to withdraw in which he certified that he reviewed Steager's case and determined that his appeal is frivolous. Counsel provided proof of service of the petition on Steager as well as a letter advising him of his rights to retain new counsel, to proceed *pro se*, and to raise any additional issues he deems worthy of the court's attention. Although counsel failed to attach a copy of the letter to his petition to withdraw, counsel did attach a copy of the letter to his **Anders** brief and

- 4 -

included proof of service of the brief on Steager. In his brief, counsel provided a factual summary and procedural history of the case with citations to the record, made references to anything in the record that might arguably support the appeal, and set forth his reasons for concluding that any appeal would be frivolous. Because counsel has complied with the **Anders** requirements, we proceed to our independent review of the record to determine whether Steager's appeal is wholly frivolous.

In his **Anders** brief, counsel identifies potential issues challenging (1) the validity of Steager's guilty plea, (2) the legality of his sentence, (3) the sufficiency of the evidence to support his SVP designation, and (4) the discretionary aspects of his sentence. **See, generally**, **Anders** Brief, at 13-25.

We begin by noting that generally, "[w]hen a defendant pleads guilty, he waives the right to challenge all but the legality of his sentence and validity of his plea." **Commonwealth v. Smith**, 346 A.3d 1251, 1255 n.5 (Pa. 2025) (citation omitted). In his brief, counsel identifies potential issues concerning the validity of Steager's guilty plea as well as the legality of his sentence. First, counsel avers that any challenge to the validity of Steager's guilty plea has been waived and is therefore frivolous. **See Anders** Brief, at 13-14. We agree.

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either

measure results in waiver." ***Commonwealth v. Moore***, 307 A.3d 95, 99 (Pa. Super. 2023) (brackets and citation omitted). Where an issue is waived, "pursuing [the] matter on direct appeal is frivolous." ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008).

Steager has not properly preserved a challenge to the validity of his guilty plea because he failed to object during his plea colloquy or seek to withdraw his plea either at the hearing or in a post-sentence motion. ***See Moore***, 307 A.3d at 99. Accordingly, any such challenge is waived, and we agree with counsel's conclusion that this issue is frivolous. ***See Kalichak***, 943 A.2d at 291.

Next, counsel identifies potential issues concerning the legality of Steager's sentence. ***See Anders*** Brief, at 15-25. "[W]hether the trial court possesses the authority to impose a particular sentence is a matter of legality." ***Commonwealth v. Merced***, 308 A.3d 1277, 1283 (Pa. Super. 2024) (citation omitted). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Verma***, 334 A.3d 941, 951 (Pa. Super. 2025) (citation omitted). "Our standard of review for a challenge to the legality of a sentence is *de novo*, and our scope of review is plenary." ***Commonwealth v. Dewald***, 317 A.3d 1020, 1043 (Pa. Super. 2024) (citation omitted).

First, counsel concludes that any potential legality of sentence claim Steager could raise relating to the imposition of sentences exceeding the lawful maximum is frivolous. **See Anders** Brief, at 15-16. We agree.

Steager's convictions of IDSI, aggravated indecent assault of a child, and unlawful contact with a minor were graded as first-degree felonies, with each carrying a maximum sentence of 20 years' imprisonment. **See** 18 Pa.C.S.A. § 1103(1). On the count of IDSI, the court imposed a sentence of 4½ to 9 years' incarceration and concurrent sentences of 4½ to 9 years' incarceration on each count of aggravated indecent assault of a child and unlawful contact with a minor. Steager's conviction for aggravated indecent assault was graded as a second-degree felony, and as such, carried a maximum penalty of 10 years' imprisonment. **See** 18 Pa.C.S.A. § 1103(2). On this count, the court imposed a consecutive sentence of 4 years' probation. Steager's corruption of minors conviction was graded as a first-degree misdemeanor and carried a maximum penalty of 5 years' imprisonment, **see** 18 Pa.C.S.A. § 1104(1), and the court imposed a concurrent sentence of 2 years' probation.[5] Finally, Steager's indecent assault conviction was graded as a second-degree misdemeanor and carried a maximum penalty of two years'

_____

[5] We note that both the sentencing order and the sentencing hearing transcript are silent as to whether this probationary sentence is to be served concurrently or consecutively to Steager's other probationary sentences. However, our review of the record reveals that this sentence of probation is to be served concurrently with all other counts. **See** Sentencing Sheet, 1/18/24.

imprisonment, *see* 18 Pa.C.S.A. § 1104(2), and the court imposed a concurrent sentence of 2 years' probation. As counsel aptly notes, none of Steager's individual sentences exceed the corresponding statutory maximum for each offense. *See Anders* Brief, at 16. Accordingly, we agree that any claim concerning the legality of Steager's sentence in this respect is frivolous.

Next counsel concludes that any claim concerning the merger of Steager's sentences is likewise frivolous. *See Anders* Brief, at 16. We agree.

"Whether convictions merge for sentencing purposes is a question implicating the legality of a sentence." *Commonwealth v. Knupp*, 290 A.3d 759, 777 (Pa. Super. 2023) (citation omitted). The merger doctrine, which is codified at 42 Pa.C.S.A. § 9765, "prohibits merger unless two distinct facts are present: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Knupp*, 290 A.3d at 777 (citation omitted). Where the merger doctrine applies, "the court may sentence the defendant only on the higher graded offense." 42 Pa.C.S.A. § 9765.

> When considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a break in the chain of criminal activity. The issue is whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes.
>
> In determining whether two or more convictions arose from a single criminal act for purposes of sentencing, we must examine the charging documents filed by the Commonwealth.

***Dewald***, 317 A.3d at 1043-44 (internal quotation marks and citations omitted).

Our review of the criminal complaint reveals that, over the 5-year period in question, Steager was alleged to have digitally penetrated Victim's vagina and anus on 60 to 100 occasions and to have performed oral sex on Victim on 30 to 50 occasions when she was between the ages of 12 and 17. Steager's convictions were clearly the result of various instances of molestation that consisted of separate and distinct criminal acts committed against Victim. ***See Dewald***, 317 A.3d at 1043. Therefore, Steager's convictions were not based on a single criminal act and do not merge for sentencing purposes. ***See*** 42 Pa.C.S.A. § 9765. Accordingly, we agree with counsel's conclusion that any merger claim would be frivolous.

Next, counsel concludes that any challenge to Steager's SVP designation is frivolous because the designation was supported by clear and convincing evidence. ***See Anders*** Brief, at 18. We agree.

"[I]n cases involving sexually violent offenses, the determination of whether a defendant is an SVP under SORNA is a component of a judgment of sentence." ***Commonwealth v. Torres***, 327 A.3d 640, 645 (Pa. Super. 2024) (citation omitted). "A challenge to a trial court's SVP designation presents a challenge to the sufficiency of the evidence for which our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Aumick***, 297 A.3d 770, 776 (Pa. Super. 2023) (*en banc*) (citation omitted).

"We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied." ***Id.*** at 776-77 (citation omitted).

> The procedure for determining SVP status is statutorily mandated and well-defined. Under revised Subchapter H of SORNA, after a person has been convicted of an offense listed in 42 Pa.C.S.A. § 9799.14, the trial court orders an assessment by the SOAB. The SOAB must assess all individuals convicted of sexually violent offenses to determine whether they should be classified as an SVP. When assessing whether a particular offender should be classified as an SVP, the board shall establish standards for evaluations and for evaluators conducting the assessments.

***Moore***, 307 A.3d at 100 (brackets and citation omitted). A SOAB assessment

> shall include, but not be limited to, an examination of the following:
>
> > (1) Facts of the current offense, including:
> >
> > > (i) Whether the offense involved multiple victims.
> > >
> > > (ii) Whether the individual exceeded the means necessary to achieve the offense.
> > >
> > > (iii) The nature of the sexual contact with the victim.
> > >
> > > (iv) Relationship of the individual to the victim.
> > >
> > > (v) Age of the victim.
> > >
> > > (vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.
> > >
> > > (vii) The mental capacity of the victim.
> >
> > (2) Prior offense history, including:
> >
> > > (i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.24(b).

Furthermore:

The trial court's inquiry at an SVP hearing is different from the SOAB's assessment. Whereas the SOAB member must consider the fifteen factors listed in section 9799.24(b), the trial court must determine whether the Commonwealth has proven by clear and convincing evidence that the defendant is an individual who has a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses.

*Aumick*, 297 A.3d at 778-79 (citations and internal quotation marks omitted).

The statute defines a "mental abnormality" as "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health

and safety of other persons." 42 Pa.C.S.A. § 9799.12. Furthermore, the statute defines a "predatory" act as that which is "directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." *Id.* The statute further defines a "sexually violent offense" as "[a]n offense specified in section 9799.14 (relating to sexual offenses and tier system) as a Tier I, Tier II or Tier III sexual offense committed on or after December 20, 2012, for which the individual was convicted." *Id.*

"Further, this Court emphasized that a trial court, in conducting an SVP hearing, is not responsible for evaluating the veracity of the facts underlying the expert's testimony." *Moore*, 307 A.3d at 102 (internal quotation marks and citation omitted). Rather, "an expert's opinion which is rendered to a reasonable degree of professional certainty is itself, substantive evidence." *Id.* (citation omitted). Accordingly, "[t]o the extent [an appellant] criticizes the credibility or reliability of [an expert's] opinion, such claims go to the weight of the evidence presented rather than the sufficiency of the Commonwealth's case." *See id.*

At Steager's SVP hearing, Dr. Robert Stein, a licensed psychologist and Pennsylvania SOAB evaluator, testified for the Commonwealth as an expert in the treatment of sexual offenders. Dr. Stein testified that based on Steager's course of conduct, the acts in question, and his pattern of behavior in establishing a sexually victimizing relationship with his biological daughter and

in maintaining that relationship with repeated acts, there was sufficient evidence of predatory behavior. ***See*** N.T. SVP Hearing, 6/11/25, at 8. Dr Stein further testified that Steager had a mental abnormality or personality disorder that made him likely to engage in predatory sexually violent offenses and specifically identified Steager's diagnosis as "other specified paraphilic disorder with the specifications being incest and nonconsent." ***Id.*** at 9-10. When asked to explain his finding of mental abnormality, Dr. Stein testified to Steager's specific diagnoses as follows:

> Paraphilic disorders are diagnosed when there is sexual deviance and that sexual deviance is acted upon to victimize another person for a sustained period.
>
> Here there was sexual deviance on two dimensions, one incestuous interest or sexual interest in his biological daughter. That is not normal. That is sexually deviant. And it was acted upon to victimize another person for a sustained period. The sustained period needs to be at least six months. In this case it was five years.
>
> None of these acts were consenting. They were nonconsenting by the child's age. This was not a marital, romantic, or dating or other relationship like that. The child did not want these things to happen so this was nonconsent and incest.

***Id.*** at 9. Dr. Stein testified that in conducting his evaluation, he considered the factors set forth in section 9799.24(b) as they pertained to the issues of mental abnormality and predatory behavior. ***See id.*** at 10-12. Dr. Stein also testified that, although the statistical likelihood of Steager reoffending was low according to the Diagnostic and Statistical Manual—Version V ("DSM-V"), in his opinion, based upon Steager's diagnoses and his extensive history of

offending Victim, Steager presented a danger of reoffending with respect to other underaged individuals and family members. *See id.* at 48-49. Based on the foregoing, Dr. Stein testified that he believed, to a reasonable degree of professional certainty, that Steager should be classified as an SVP. *See id.* at 13-15.

The Commonwealth presented clear and convincing evidence that Steager meets the criteria set forth in section 9795.3 to be classified as an SVP. Steager pled guilty to various Tier I,[6] Tier II,[7] and Tier III[8] sexual offenses, and Dr. Stein's testimony and report established his belief that, to a reasonable degree of professional certainty, Steager has mental abnormalities which make him likely to engage in predatory sexually violent offenses, and the trial court credited Dr. Stein's opinion concerning these findings. *See Aumick*, 297 A.3d at 778-79; *Moore*, 307 A.3d at 102. At the hearing, defense counsel extensively questioned Dr. Stein regarding the sufficiency of Steager's specific diagnosis of other specified paraphilic disorder nonconsent and seemingly suggested that this diagnosis was insufficient to support a finding of mental abnormality because it was not explicitly identified in the

---

[6] *See* 42 Pa.C.S.A. § 9799.14(b)(8) (classifying corruption of minors as a Tier I offense).

[7] *See* 42 Pa.C.S.A. §§ 9799.14(c)(1.3), 9799.14(c)(5) (classifying indecent assault and unlawful contact with a minor as Tier II offenses).

[8] *See* 42 Pa.C.S.A. §§ 9799.14(d)(4), 9199.14(d)(7) (classifying IDSI and aggravated indecent assault as Tier III offenses).

DSM—V and has been criticized in peer review journals. ***See*** N.T. SVP Hearing, 6/11/25, at 18-29. However, this Court has specifically rejected such contentions:

> Our courts have not required the prosecution to prove that a defendant has been diagnosed with a specific psychological or psychiatric disorder in evaluating SVP status. Our Supreme Court has held that an "argument that expert testimony on SVP status does not square with prevailing standards and methodology in the psychological and psychiatric diagnostic communities misses the mark" because our legislative schemes relative to sex offenders have not required "proof of a standard of diagnosis that is commonly found and/or accepted in a mental health diagnostic paradigm." ***Commonwealth v. Conklin***, 987 A.2d 1168, 1178 (Pa. 2006) (quoting ***Commonwealth v. Dengler***, 890 A2d 372, 383 (Pa. 2005)).

***Moore***, 307 A.3d at 102. Based on the foregoing, we discern no basis to disturb Steager's SVP designation and agree that any challenge to his SVP designation is frivolous. Furthermore, in our review of the record, we were unable to identify any additional issues relating to the legality of Steager's sentence and agree with counsel's conclusion that any such challenge would be frivolous.

Finally, counsel concludes that any challenge to the discretionary aspects of Steager's sentence is frivolous. ***See Anders*** Brief, at 18. We agree.

"The determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached." ***Commonwealth v. Alameda***, 339 A.3d 504, 511 (Pa. Super 2025) (brackets and citation omitted). "When a defendant enters an open guilty plea,

he may challenge the discretionary aspects of the sentence imposed." *Commonwealth v. Davis*, 341 A.3d 808, 813 n.3 (Pa. Super. 2025) (citation omitted). However, "[w]here the plea agreement provides specific penalties, an appeal from a discretionary sentence will not stand[.]" *Alameda*, 339 A.3d at 511 (internal quotation marks and citation omitted). A "hybrid" plea agreement exists where "the parties did not bargain for a specific sentence but negotiated as to a certain aspect of the sentence" and "does not preclude appellate review of those discretionary aspects of the sentence that were not agreed upon in the negotiation process." *Heaster*, 171 A.3d at 271 (citation omitted).

Furthermore, "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Perzel*, 291 A.3d 38, 47 (Pa. Super. 2023) (citation omitted); *see Davis*, 341 A.3d at 812-13 (describing the four-part test an appellant must satisfy to invoke this Court's jurisdiction to review a discretionary sentencing claim).

Steager entered a negotiated guilty plea at each count in exchange for a concurrent minimum standard-range guideline sentence between 48 and 66 months' incarceration. Therefore, Steager is precluded from appealing the discretionary aspects of this part of his sentence. *See Alameda*, 339 A.3d at 511. Nonetheless, we acknowledge that pursuant to the plea agreement, the

court retained the discretion to fashion Steager's maximum sentence and impose consecutive probationary sentences of an unspecified length. To the extent that this portion of Steager's sentence was the result of an open or hybrid guilty plea, he is not precluded from challenging the discretionary aspects. *See Davis*, 341 A.3d at 813 n.3; *Heaster*, 171 A.3d at 271. However, Steager failed to preserve any issues relating to the discretionary aspects of his sentence at the time of sentencing or in a post-sentence motion, and as such, any potential challenge is waived on this basis. *See Perzel*, 291 A.3d at 47. Accordingly, Steager fails to invoke our jurisdiction to review a discretionary sentencing claim, and we agree with counsel's conclusion that any such challenge would be frivolous. *See Kalichak*, 943 A.2d at 291.

Upon reviewing the issues raised in counsel's *Anders* brief and conducting an independent review of the record, we agree with counsel's conclusion that Steager's appeal is wholly frivolous. Moreover, our review has not revealed any other nonfrivolous issues. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/07/2026